WILLIAM L. DUPUY

*v.*

ISAAC GIBSON *et al.*

1. PRACTICE — *dismissal of bill on motion irregular.* The practice, in courts of equity, does not warrant the dismissal of a bill for the want of equity on a mere motion; although not ground of reversal, it is irregular.

2. BILL — *to redeem from a pledge or chattel mortgage.* Numerous cases hold that a bill may be filed to redeem a pledge, or chattels mortgaged, and this may be done in some cases, although the condition in the chattel mortgage has not been performed.

3. FORECLOSURE — *of chattel mortgage by bill.* In cases where there are successive liens or incumbrances, on the mortgaged property, and when it would be equitable that accounts should be taken, and the fund distributed, a bill may be maintained, to foreclose a chattel mortgage; but when the amount is small, or when there are no adverse claims, under other mortgages or liens on the property, no reason would exist for such a foreclosure.

APPEAL from the Circuit Court of Richland county; the Hon. AARON SHAW, Judge, presiding.

This was a suit in equity, brought by William L. Dupuy, against Isaac Gibson, John M. Wilson, William T. Sheley, John Bradford, David McGraw, John I. Moore, and William H. Cord, to the June term, 1860, of the Richland Circuit Court, to foreclose a chattel mortgage.

The bill charges, that Cord was indebted to complainant in the sum of $562.65, with interest from the 12th day of May, 1852, at ten per cent. interest, as agreed upon by the parties, which indebtedness was due, on a decree of the Fleming Circuit Court, in the State of Kentucky. That Cord, in order to secure the same, executed to plaintiff a mortgage on a law library, a piano, and all of his household and kitchen furniture, not exempt from execution or distress, which was duly recorded in the proper office. That the piano, at the time the bill was filed, was in the possession of Edward Kitchell; that he had sued out a writ of replevin for its recovery, which was then pending and undetermined, in the Richland Circuit Court.

That Wilson and Gibson had acquired the possession and control of the law library, and that Moore had commenced a suit in chancery, pending in the same court, to subject the law library to the payment of a judgment, upon which an execution had been returned, no property found, against Cord. The bill charges, that Wilson and Gibson refuse to surrender the library, but claim it as their own. There is a prayer for process, and that the defendants be required to answer the bill, and for a foreclosure of the mortgage, and that the property be sold, and for a decree giving complainant a priority of lien, and that his debt be paid from the proceeds of the sale.

The mortgage, and a copy of the decree, and the proceedings in the suits referred to in the bill, are made exhibits. A summons was issued, and served on a portion of the defendants, and the others subsequently entered their appearance. Defendants filed a demurrer to the bill, which, on a hearing, was overruled, and they required to answer. They then entered a

motion to dismiss the bill for want of equity. And complainant entered a cross-motion for leave to amend his bill.

On the hearing of these motions, the court overruled complainant's motion, but sustained defendants', and dismissed the bill, and decreed that complainant pay the costs.

The cause is brought to this court on appeal by complainant, for the purpose of reversing the decree. And he assigns for error, that it was irregular to dismiss the bill on motion, and that it was error to dismiss the bill for want of equity.

Messrs. TANNER & CASEY, for the Appellant.

Mr. J. G. BOWMAN, for the Appellees.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was a bill in equity, filed to foreclose a chattel mortgage. It makes the mortgagor and subsequent incumbrancers parties. It prays a foreclosure and sale of the property. A demurrer was filed to the bill, which was overruled by the court. Afterwards a motion was entered to dismiss the bill, for a want of equity, when complainant entered a cross-motion for leave to amend the bill. The latter motion was overruled, and the former allowed, and the bill was dismissed at complainant's costs. We are aware of no practice, either in Great Britain or this country, which sanctions the practice of dismissing a bill on motion. If it is defective, it should be reached by demurrer. Whilst this may not be ground for a reversal, it is by no means the practice of courts of equity.

But the main question in the case is, whether a bill can be entertained to foreclose a mortgage on personal property. There are numerous cases that hold a bill may be filed to redeem from a pledge or such a mortgage. And such a bill may be maintained even after the condition has been forfeited, if exhibited in a reasonable time. *Brown* v. *Lispcomb*, 9 Port. (Ala.), 475; Story on Bailment, Sec. 287. Judge Story, in his work on Equity Jurisprudence, Vol. 2, Sec. 1031, says, in

mortgages of personal property, although the condition has not been performed, there exists, as in mortgages of land, an equity of redemption, which the mortgagor may assert if he brings his bill to redeem in a reasonable time. He also says there is a difference between mortgages of land and mortgages of personal property, in regard to the rights of the mortgagee after a breach of the condition. In the latter case, there is no necessity to bring a bill to foreclose; but the mortgagee may, upon due notice, sell the property, which will vest the title in the purchaser.

It will be observed, that the author only says that it is unnecessary to file a bill to foreclose such a mortgage. He does not say that a bill will not be sustained for that purpose. Whilst it may be that a bill should not be sustained in ordinary cases, where the mortgagee may foreclose by sale without injury to the rights of any person, yet when there are successive liens and incumbrances, it would be eminently proper and promotive of justice, that it should be foreclosed in equity. In such a case, accounts of all the parties in interest could be readily adjusted and the trust fund equitably distributed among the claimants. In such a case the mortgagor or any of the junior mortgagees might maintain a bill to settle the rights of all the parties, and for a redemption. And what reason can be assigned why a mortgagee whose debt is due may not maintain a bill to adjust all rights and to foreclose and have the property sold and the fund distributed, and thus cut off a redemption? Such a practice would promote justice, and no reason is perceived why it should not be sanctioned. Property thus situated seems in equity to be a trust fund, and it is certainly better for junior mortgagees to foreclose in this manner than by sale by the senior mortgagee.

We are, however, not prepared to hold that a bill should be entertained in every case. If the amount were small, and there were no adverse claims or other mortgages or liens, no necessity is perceived why such a bill should be allowed, as the remedy by notice and sale of the property affords a sufficient remedy in such a case. But in this case there are several

parties claiming liens and to be the owners of the property, which is considerable in amount, and we think justice will be advanced and litigation prevented by entertaining the bill and foreclosing the equity of redemption; in selling the property and applying the proceeds in discharge of the equitable liens existing upon the property, according to their priority.

It may be urged, that the mortgagee may foreclose by sale of the property. So may a trustee of lands conveyed to secure a debt, or a mortgagee with power of sale contained in the deed. Yet a court of equity will, in these cases, sustain a bill to foreclose, under its general equity jurisdiction over trusts. And if the property in controversy should sell for more than will satisfy complainant's mortgage, the subsequent incumbrances and intervening equities are severally entitled to the surplus. Again, equity can afford in this case more ample relief and can do more complete justice than can be obtained in a court of law. For these reasons we are of the opinion that the court below erred in dismissing the bill, and the decree must be reversed and the cause remanded.

*Decree reversed.*