Lena M. McCauley *et al.*

*v.*

Henry W. Rogers *et al.*

*Filed at Ottawa November 20, 1882.*

1. Chancery jurisdiction—*to foreclose chattel mortgage.* A court of equity has jurisdiction of a bill to foreclose a chattel mortgage.

2. Decree—*binds parties and privies in estate.* A decree for the foreclosure of a chattel mortgage, where the court has jurisdiction of the parties and of the subject matter, and ordering sale of the mortgaged property, from which no appeal is taken, is binding and conclusive upon the mortgagor and all persons claiming title through or under him after the filing of the bill to foreclose the mortgage.

3. Notice—*from pendency of suit.* A purchaser of personal property, pending a bill to foreclose a chattel mortgage thereon, is bound by the decree that may be made against the person from whom he derives title. The effect of the pendency of the suit is not to annul the conveyance or purchase, but only to render it subservient to the rights of the parties in litigation. As to the rights of these parties, the conveyance is treated as if it had never had any existence, and it does not vary them.

4. Writ of assistance—*against purchaser pendente lite.* During the pendency of a bill to foreclose a chattel mortgage on buildings upon leased ground, the mortgagor confessed judgment in favor of another creditor, who, a few days after the decree of foreclosure, took out an execution on the judgment, which was levied on the same property. Before the sale under the execution the judgment creditor was served with notice of the decree of foreclosure, but nevertheless purchased a portion of the property under his execution: *Held*, that as to the mortgagee, the purchase was to be regarded as if it had no existence, and that a writ of assistance against the purchaser, to put the mortgagee in possession under his purchase, was properly awarded in the suit to foreclose.

Writ of Error to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. George Gardner, Judge, presiding.

Messrs. Leland & Gilbert, for the plaintiffs in error:

No lien was acquired on the property by filing the bill to foreclose the chattel mortgage. The only case in which an

equitable lien upon personal property is recognized as created by the filing of a bill in equity, is that of a creditor's bill. But even in such case it is held that as to chattels liable to execution, the lien is defeated by their actual seizure under execution before the appointment of a receiver. *First Nat. Bank* v. *Gage et al.* 93 Ill. 175.

A decree foreclosing a chattel mortgage, so long as the property has not been seized or sold under it, does not affect the rights of third persons in the goods. *Catlin* v. *Currier,* 1 Sawyer, 7.

There can be no lien created by a decree upon personal property in a defendant's possession, which can defeat an execution sale of the same in favor of other creditors. In this case the lien of the execution first attached. There is no authority in law for the issuing of a writ of assistance to put a purchaser of personal property in possession.

Mr. Samuel Kerr, for the defendants in error:

Defendants in error having been made parties to the bill to foreclose the mortgage, are bound by the decree in the case, and by meddling with the property *pendente lite,* became parties to the decree. *Kessinger* v. *Whittaker,* 82 Ill. 22.

In certain cases a mortgagee may foreclose his chattel mortgage by bill in equity. *Dupuy* v. *Gibson et al.* 36 Ill. 197.

It is not the decree which creates the lien on the chattel property, but the chattel mortgage. The decree establishes and fixes the extent of the lien, and provides for its enforcement. It follows that plaintiffs in error, who are purchasers *pendente lite,* are bound by the decree, and their only remedy was to appeal from the decree, or surrender the property and bring their action of replevin.

Mr. Justice Craig delivered the opinion of the Court:

On the 6th day of August, 1879, James McCauley, being the owner of certain personal property in Streator, La Salle

county, consisting of certain buildings and property thereon, situated on leased land, executed a chattel mortgage on the property to Henry W. and James C. Rogers, to secure money then due and money to become due, the mortgage to remain in force for a period of twenty-three months. The mortgage was acknowledged and recorded in the manner required by the statute. On the 24th day of December, 1880, the mortgagor having failed to make payment as required by the mortgage, the mortgagees took possession of the property, and placed it in the charge of a custodian, who remained in the possession for four days, when McCauley caused the custodian to be arrested on a charge of riot, and he having been taken from the premises under a warrant, McCauley went into the possession, and assumed the control thereof. On the 10th day of January, 1881, the mortgagees, who then resided in Cook county, brought a bill in equity, in the Superior Court of Cook county, to foreclose the mortgage. James McCauley, who also at that time resided in Cook county, was made a defendant to the bill, and duly served with process. In May following a hearing was had, and the cause was referred to the master to state an account. On the 2d day of November the master's report was confirmed, and a decree of foreclosure rendered for the sum of $1482.62. Under this decree the master in chancery sold the property to the mortgagees. While the bill to foreclose the mortgage was pending, and on the 22d day of July, 1881, James McCauley confessed a judgment in the La Salle circuit court, in favor of Lena M. McCauley, for the sum of $3073.60. On November 8, 1881, an execution was issued on the judgment, and levied upon the property, which was sold on the execution November 26, a part to the plaintiff in execution, and the balance to Wm. A. Funk, both of whom had actual notice of the decree of foreclosure. On the 28th day of December, 1881, the court entered a rule on Lena M. McCauley and Wm. A. Funk, to show cause why a writ of assistance should

not issue against them on behalf of the complainants in the decree of foreclosure, to put them in possession of the property. Lena M. McCauley and Wm. A. Funk appeared before the court, and a hearing was had, which resulted in an order directing the writ of assistance to issue. To reverse this last order a writ of error was sued out from the Appellate Court, where the order of the circuit court was affirmed, and plaintiffs in error have sued out this writ of error to reverse the judgment of the Appellate Court.

This writ of error was not brought to reverse the decree of the Superior Court of Cook county, wherein the chattel mortgage was foreclosed, and a sale of the property ordered. That decree remains unchallenged, so far as this proceeding is concerned. The object of this writ was merely to reverse the order of December 28, 1881, which directed a writ of assistance to issue against Lena M. McCauley and Wm. A. Funk, to take the property out of their possession and place the same into the possession of defendants in error, who purchased under the decree of foreclosure. The Superior Court of Cook county, in the proceedings to foreclose the mortgage, acquired jurisdiction over the person of the mortgagor, James McCauley, by service of process upon him, and if the court had jurisdiction of the subject matter of the litigation, the decree rendered in the cause will be binding and conclusive upon McCauley, and all persons who claim title to the property through or under him after the bill was brought to foreclose the mortgage. We shall not enter upon a discussion of the question whether a court of equity has jurisdiction to decree a foreclosure of a chattel mortgage, as this court has heretofore decided in favor of the jurisdiction, and the question may be regarded as settled in this court,—at least that a court of equity has jurisdiction. *Dupuy* v. *Gibson*, 36 Ill. 197; *Gaar, Scott & Co.* v. *Hurd*, 92 id. 315.

As the decree of foreclosure remains in full force and effect, and has, to a certain extent, settled the rights of the parties,

it becomes important to refer to the decree, and determine what facts were found therein, and what matters were determined and settled thereby. In the decree it is, among other things, found that the defendants in error obtained a lien on the property under the chattel mortgage, which was and is paramount. The decree orders: "That on demand of the master in chancery, James McCauley permit him and any other person to enter and inspect said property on the day of sale, and that on the confirmation of such sale, and the production of the bill of sale or conveyance, the said James McCauley, or other defendants who may be in possession, or any other person who shall have come into possession of said property, or any part thereof, under any of the defendants to this cause since the filing of this bill, immediately quit and deliver up said goods and chattels * * * to the purchaser at said sale, without delay, and that in default thereof a writ of assistance may issue, in accordance with the practice of this court." Under the finding in the decree, when the bill to foreclose the chattel mortgage was filed the mortgagees had a valid lien on the property. Had a court of equity jurisdiction to enforce that lien by proper decree, or could plaintiffs in error, pending the proceedings to enforce the lien, with full notice of the proceedings, acquire a valid title to the property, and thus render null a decree of a court of general jurisdiction?

In the discussion of this question, Story, (vol. 1, sec. 406,) says: "He who purchases during the pendency of a suit is held bound by the decree that may be made against the person from whom he derives title. * * * Where there is a real and fair purchase, without any notice, the rule may operate hardly; but it is a rule founded upon a great public policy, for otherwise alienations made during a suit might defeat its whole purpose, and there would be no end to litigation, and hence arises the maxim *pendente lite nihil innovenier*, the effect of which is, not to annul the conveyance; but

only to render it subservient to the rights of the parties in litigation.    As to the rights of these parties the conveyance is treated as if it never had any existence, and it does not vary them.    The decree of foreclosure was rendered November 2, 1881.    The execution under which plaintiffs in error purchased was not issued until November 8, and the sale on the execution was not made until November 26, but before the sale plaintiffs in error, who purchased the property, were served with a copy of the decree, and had actual notice of all the rights of the mortgagees in the property, as found and established by the decree.    Under such circumstances, what right had plaintiffs in error to meddle with the property? They knew defendants in error had a valid lien on the property, and that the property had been decreed to be sold in satisfaction of a valid debt, secured by a prior lien.    Knowing these facts, the purchase by them is to be treated as if it never had any existence.    They had no right to attempt to obstruct the enforcement of a decree of a court of equity, and they can take nothing by their purchase.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*