## Reid, Murdoch & Co. v. Jay K. Sheffy, Receiver, etc.

1. LIS PENDENS—*The Doctrine Applies to Personal Property.*—It is settled by the weight of authority that the doctrine of *lis pendens* applies as well to personalty, save negotiable paper, as to real property.

2. SAME—*Purpose of the Rule—Jurisdiction of the Vendor Necessary.*—It is not the paramount purpose of the rule *lis pendens* to give notice to intending purchasers, but the rule is founded upon the necessity that a court hold within its jurisdiction and control the subject-matter of litigation, so that it may finally dispose of it by its adjudication, and

Reid, Murdoch & Co. v. Sheffy.

hence it does not apply if there was no jurisdiction of the person of the vendor.

3. Same—*Time from Which the Doctrine Applies.*—The time of the acquiring of jurisdiction is the time of the beginning of the application of the doctrine of *lis pendens.*

4. Same—*Rights of Lis Pendens Purchaser Are Only Defeated by Successful Termination of Suit.*—The title of a *lis pendens* purchaser is not affected unless the suit is brought to a successful termination as against his vendor, and he is entitled to follow the property to a final decision, and, if the supposed rights of the claimant prove unfounded, to again possess himself of his purchase.

5. Equity—*Jurisdiction of Defendant Not Acquired Until Bill is Filed.*—Until a bill is filed, naming a person as defendant, a chancery suit is not pending as to him, and until it is commenced the clerk can neither legally issue process nor make publication. And if service is had on process issued before such a bill is filed, or if publication is thus made, the court will fail to acquire jurisdiction of such defendant.

6. Same—*Entry of Appearance by Person Not Named as a Defendant in the Bill.*—Where a court has jurisdiction of the subject-matter of a chancery suit, a person served with process but not named as defendant in the bill, may voluntarily enter his appearance and thus confer jurisdiction of his person upon the court. And if his right to thus appear as a defendant without leave of court might be questioned by others, it can not be questioned by him.

Creditor's Bill.—Appeal from the Circuit Court of Cook County; the Hon. Murray F. Tuley, Judge, presiding. Heard in this court at the October term, 1897. Reversed and remanded. Opinion filed March 24, 1898.

## Statement of the Case.

On December 30, 1896, the Plano Manufacturing Company, complainant in the suit below, filed its bill in chancery, setting up a judgment obtained against John B. Amphlett, T. L. Amphlett and T. G. Amphlett, and seeking to subject certain property to a satisfaction of same. The bill alleges that on the 19th day of September, 1896, the said T. L. Amphlett and John B. Amphlett, under the name of Amphlett Cash Grocery, engaged in business in Chicago; that the said T. G. Amphlett and John B. Amphlett represent that they are operating said grocery store as the agents of one Lillian E. Amphlett, wife of the said John B. Amphlett; and charges that the said T. L. Amphlett, John B. Amphlett and T. G. Amphlett are the equitable owners of said grocery

store, and if they have made an assignment or sale of the same to the said Lillian E. Amphlett, that said sale or assignment is fraudulent, and that if the title to said property is in Lillian E. Amphlett, it is fraudulently held by her. Prays that said property be subjected to the satisfaction of the judgment.

Although not at that time named in the bill as a party to the suit, Lillian E. Amphlett was served with summons and on January 18, 1897, her appearance was entered.

On January 30, 1897, Lillian E. Amphlett conveyed to appellant the stock of goods, fixtures, etc., in question, in payment of a pre-existing debt for groceries, bought from appellant and used for the carrying on of the retail trade. Appellant at once took possession of the property and held it until compelled by order of court to surrender it to the receiver appointed in the suit pending upon the said bill.

On February 6, 1897, appellant filed its intervening petition in said suit, setting forth that it had traded with Lillian E. Amphlett as owner of the grocery store, and sold goods to her for the carrying on of the same since 1893, setting forth debt and sale of the grocery to it to satisfy same, and that appellant, at the time of such sale to it, had no actual knowledge of the pending litigation. Issue was joined upon this petition; there was a reference to a master in chancery to take proofs, report of master was filed and objections and exceptions to the report having been overruled, a decree was entered dismissing the petition of appellant for want of equity. From this decree the appeal here is prosecuted. It is not contended that appellant had any actual notice of the pending litigation.

DUNCOMBE, MASTIN & BUTLER and H. G. COLSON, attorneys for appellant.

The rule as to a purchase *pendente lite* applies to the sale of personal property, where the purchaser had actual notice of the pendency of the suit. McCauley v. Rogers, 10 Brad. 559; Wade on Notice (2d Ed.), Sec. 369; Swantz v. Pillow, 7 Am. State Rep. 98; Leitch v. Wells, 48 N. Y. 611.

The doctrine of *lis pendens* does not apply to movable personal property or articles of commerce sold in the ordinary way. County of Warren v. Marcy, 97 U. S. 96; Wade on Notice (2d Ed.), Sec. 369, and cases cited; Murray v. Lylburn, 2 Johns. Ch. 441; Leitch v. Wells, 48 N. Y. 611.

The doctrine of *lis pendens* does not apply to a creditor's bill of the character of the one upon which this suit is based. Chase v. Searles, 45 N. H. 511.

The doctrine of *lis pendens* affects only those who purchase from parties to the suit. Scarlett v. Gorham, 28 Ill. 319; Grant v. Bennett, 96 Ill. 513; Norris v. Ile, 152 Ill. 190; Hopkins v. The Rose Clare Lead Co., 72 Ill. 373; Alexander v. Hoffman, 70 Ill. 114; Wade on Notice (2d Ed.), Secs. 255, 360, 368, and cases cited; Green v. Rick (Pa.), 2 L. R. A. 48.

The doctrine of *lis pendens* is a harsh rule, not favored by the courts, and will not be enforced unless the party invoking it brings himself clearly within it. Durand v. Lord, 115 Ill. 610; Cockrill v. Maney, 2 Tenn. Ch. 49; Hayden v. Bucklin, 9 Paige, 512; Leitch v. Wells, 48 N. Y. 611.

In order to make new parties defendant, proper amendments must be made. 2 Starr & Curtis' Stat., Chap. 110, Sec. 23.

No amendment can be made in any process, pleadings or proceedings, without an order of court. 1 Starr & Curtis' Stat., Chap. 7, Sec. 8.

It is a general rule of law that courts will not allow amendments to be made which change the party to the action unless there is something in the record to authorize the amendment. Lake v. Morse, 11 Ill. 587.

Where new matter affecting the rights of third parties is brought in by amendment, the suit is to be considered as pending only from the time of the amendment. Stone v. Connelly, 71 Am. Dec. 499; Wade on Notice (2d Ed.), 355.

When a bill is amended by adding new parties, *lis pendens* does not operate against purchasers from said new parties until amendment is actually made. Curtis v. Hitchcock, 10 Paige, 399; Stone v. Connelly, 71 Am. Dec. 499.

If process issue or publication is had against a defendant

without filing a bill, the court acquires no jurisdiction. Hodgen v. Guttery, 58 Ill. 431; 1 Starr & Curtis' Stat., Chap. 22, Secs. 4 and 8.

During the pendency of the suit the property may be sold, the purchaser taking it subject to the title of his grantor, as determined by the suit, and he will be bound by the decree in such suit. 13 Am. & Eng. Enc. (Lis Pendens), 897 and cases cited; Wartham v. Boyd, 66 Tex. 401; Gould v. Hendrickson, 96 Ill. 599.

The title of a purchaser *pendente lite* is not affected unless the suit terminates adversely to his vendor. Wartham v. Boyd, 66 Tex. 401; 2 Pomeroy's Equity, Sec. 634.

Where the purchaser *pendente lite* had no actual notice of the suit, costs will not be decreed against him. Murray v. Ballou, 1 Johns. Ch. 566; Murray v. Lylburn, 2 Johns. Ch. 441.

ARCHIBALD CATTELL, attorney for appellee.

The application of the doctrine of *lis pendens* to personal property is established by the weight of authority in this country. The only exceptions are negotiable securities not past due, as stated above, and territorial restrictions as between parties residing in other States. This doctrine is, as it should be, becoming universal. Bennett on Lis Pendens, Sec. 83; Story's Eq. Jur. (11th Ed.), Vol. 1, 403; Bispham's Principles of Equity, 4th Ed., Par. 274.

The Kentucky courts take this view of *lis pendens* as to chattels. Fletcher v. Farrell, 9 Dana, 373. So do the courts of New York, Missouri, Alabama, Mississippi, and many other States; and as early as 1743 Lord Hardwicke announced the same doctrine as the English rule on the subject, which has since been followed by the English courts. Storm v. Waddell, 2 Sand. Ch. R. 494; Carr v. Lewis, 15 Mo. App. 551; Powell v. Williams, 14 Ala. 476; McCutcheon et al. v. Miller, 31 Miss. 66; Taylor v. Jones, 2 Atk. 600; Scudder v. Van Amburgh, 4 Edw. Ch. 29; Hadden v. Spader, 20 Johns. 553; Leitch v. Wells, 48 N. Y. 602.

The same rule has been adopted in this State. Young v.

Clapp, 147 Ill. 176; King v. Goodwin, 130 Ill. 102; Mullanphy Savings Bank v. Schott, 135 Ill. 655.

The *lis* attaches from the service of summons, whether bill filed before or after the service.    Hallorn v. Trum, 125 Ill. 254; Grant v. Bennett, 96 Ill. 513.

It is said that under the rule of *lis pendens* those purchasing *pendente lite* must take notice of any and all facts averred in the pleadings pertinent to the relief sought, and of the contents of exhibits filed and made a part of the pleadings or proven.    Bennett on Lis Pendens, Sec. 92; Allen v. Poole, 54 Miss. 333; Turner v. Babb, 60 Mo. 342; Marshall v. Shepard, 23 Kan. 326; Norris v. Ile, 152 Ill. 204.

Did the court fail to acquire jurisdiction over the subject-matter and the person of Lillian E. Amphlett by the omission of her name from the prayer for process?  If so, she clearly cured that lack of jurisdiction by entering her appearance in the case thirteen days before the alleged transfer of the grocery store to the intervenors.    She had the right to give jurisdiction of her person by voluntary appearance, the court already having obtained jurisdiction of the property. Bennett on Lis Pendens, 313; Allison v. Drake, 145 Ill. 516.

The filing of a creditor's bill is largely a proceeding *in rem*, and in such proceedings one may voluntarily submit himself to the jurisdiction of the court.    It is the property of the judgment debtor, and not a new judgment which is sought.    Storm v. Waddell, 2 Sand. Ch. 494.

It is the general rule, admitting of no exception, that when a court has jurisdiction of the subject-matter, a general appearance gives jurisdiction of the person.    Enc. of P. & Pr., Vol. 2, 639, 643; Dana v. Adams, 13 Ill. 691; Quinn v. People, 146 Ill. 275; Crawford v. Schmitz, 139 Ill. 564.

Even a person not named in the complaint, nor served with summons, if he has an interest in the subject-matter under litigation, may make himself a party by voluntary appearance.    Thompson v. Schuyler, 2 Gilm. 271; Bradford v. Coit, 77 N. C. 72; Tyrrell v. Baldwin, 67 Cal. 1; Farrell v. Brennan's Adm., 25 Mo. 88.

Omission of a necessary party to an action is harmless

error, when such party voluntarily appears.    Moore v. Bruce, 85 Va. 139.

The object of process is to put the defendant on notice of the demand made, and to bring him into court. If he enters a general appearance, then the issuing and the service of process is waived and the court acquires jurisdiction. No matter whether he is served by good or bad process, or no process at all, a general appearance gives the court jurisdiction.    Tewalt v. Irwin, 164 Ill. 592; Yaeger v. Henry, 39 Ill. App. 21; Phillips v. Blatchford, 26 Ill. App. 606; Wheat v. Bower, 42 Ill. App. 600; Baldwin v. Murphy, 82 Ill. 485; Mix v. People, 106 Ill. 425; Beal v. Harrington, 116 Ill. 113.

General appearance waives the filing of a bill or statement . of the cause of action before the issue of process.    Crowell v. Botsford, 16 N. J. Eq. 458.

Where one not a party to a cause in chancery voluntarily entered an appearance, *held*, he was bound by all the proceedings as though a party regularly served and included in the bill.    Hannas v. Hannas, 110 Ill. 53.

MR. JUSTICE SEARS DELIVERED THE OPINION OF THE COURT.

The principal question presented is as to the application here of the rule *lis pendens*. In determining this we have to inquire, first, whether the property is of a character to be subject to the rules; second, whether the property was sufficiently described in the pleadings; and third, whether the court had jurisdiction of the property and of the person of the one from whom the purchase was made.

It is now regarded as settled by the weight of authorities that the doctrine applies as well to personalty (save negotiable paper) as to real property.    Bennett on Lis Pendens, Sec. 83; Freeman on Judgments, Sec. 194; McCauley v. Rogers, 104 Ill. 578.

The bill contained a sufficient description of the property.

The difficulty of this case arises upon the third question, viz.: whether the court had, at the time of the purchase by appellant, acquired jurisdiction of the person of the vendor, Lillian E. Amphlett. If there was no jurisdiction of her

person, then, although the bill definitely described the property, yet the rule would not apply. Bennett on Lis Pendens, Sec. 97; Hallorn v. Trum, 125 Ill. 247; Miller v. Sherry, 2 Wall. 248.

At the time of appellant's purchase Lillian E. Amphlett, of whom it purchased, was not named in the bill of complaint. There was in the bill a blank space in the list of defendants, where it might have been intended to insert her name, but it was not there inserted until after the purchase by appellant. The summons, however, did include her as a defendant, and was served upon her, and she had entered her appearance, after such service, before the time of the purchase by appellant. Was she then, at the time of the purchase, so far a party to the suit as to be within the application of the rule? In other words, must she have been named in the bill as a defendant, or was it enough that she was named in the writ, served with same, and that her appearance had been entered in the suit as a defendant?

It is not the paramount purpose of the rule *lis pendens* to give notice to intending purchasers, but the rule is founded upon the necessity that a court hold within its jurisdiction and control the subject-matter of litigation, so that it may finally dispose of it by its adjudication. 13 Am. & Eng. Ency. 870; Newman v. Chapman, 2 Rand. 102; French v. Loyal Co., 5 Leigh, 682.

The description of the property in the bill would therefore avail nothing, however accurate and however sufficient for purposes of notice, if there was no jurisdiction of the person of the vendor.

And, by this same reasoning, it would not be the filing of the bill, but the service of summons or entering of appearance which, by bringing the person within the jurisdiction of the court, would fix the time of the application of the rule. Although it is essential to the maintenance of the application of the rule that a bill be filed, describing the property, yet it is the writ and service of the same, or appearance without service, which operates to cause the rule to begin to apply. Hallorn v. Trum, *supra;* Newman v. Chapman, *supra.*

And if, in the absence of statutory provision, the summons issue and be served before the filing of the bill, when the bill is thereafter filed the *lis pendens* relates to the time of the service of the summons, and applies to a sale made between the service of summons and the filing of the bill. Grant v. Bennett, 96 Ill. 513.

But we have a statute governing the bringing of suits in chancery, which provides for the filing of the bill and the issuing of process. Chap. 22, Starr & Curtis' Stat., Secs. 4 and 8.

And there has been a construction of the same in Hodgen v. Guttery, 58 Ill. 431, wherein the court says: "Until the bill is filed no suit is pending, and until it is commenced the clerk can neither legally issue process nor make publication. And if service is had on process issued before the bill is filed, or if publication is thus made, the court will fail to acquire jurisdiction of the person of the defendant."

No bill has been filed making Lillian E. Amphlett a defendant at the time in question, and hence the unwarranted issuing of process as to her, and service of the same, did not operate to bring her within the jurisdiction of the court. She could have successfully disputed jurisdiction thus attempted to be acquired. But she did not dispute it. On the contrary, she voluntarily submitted herself to the jurisdiction of the court, and entered her appearance before the purchase by appellant. A bill had then been filed against others, and a suit was pending, in which the property was described, her fraudulent holding of the same alleged, and relief prayed as concerned the property and against her claim thereto. The court having jurisdiction of the subject-matter, it is difficult to perceive why she might not voluntarily, by entering her appearance, confer upon it jurisdiction as well of her person. This she did. And if her right to thus appear as a defendant without leave of court could be questioned by others, it could not be questioned by her, or one claiming through her. The time of the acquiring of jurisdiction being the time of the beginning of the *lis pendens,* the subsequent sale by her was within its application.

But the petition of appellant was dismissed prematurely; and this without reference to the question of whether the rule *lis pendens* applied to the sale from Lillian E. Amphlett to appellant. Although the rule did apply, and appellant purchased the property subject to the rights of complainant in the suit pending, as the same might be established by final decree, yet appellant was clearly entitled to a consideration of its rights subject to such final decree. The fact that the bulk of the fund has been used in payment of solicitors' fees and master's fees, does not change the law governing.

Appellant is entitled to follow what little there may be left to a final decree, and, if complainant's supposed equities prove unfounded, then to again possess itself of what remains of its purchase. To that end it is entitled to remain in the court to which it has been compelled to resort by the order to surrender its purchase to the receiver.

"The title of the *lis pendens* purchaser is not affected unless the suit is brought to a successful termination as against his vendor." Wortham v. Boyd, 66 Tex. 404.

For the error indicated the decree is reversed and the cause remanded.