Zadoc Ford, minor, by Charity J. Ford, Plaintiff in Error, v. St. Louis Loan & Investment Company et al., Defendants in Error.

ABATEMENT AND REVIVAL—*when jurisdiction of heir is not acquired.* Where on a bill to foreclose a mortgage a summons is issued for an heir of the mortgagor without an order of court having been entered as provided by R. S. ch. 1, § 12, concerning suits not abating on the death of a party, and prior to a suggestion of the death of

the ancestor, the mortgagor, and an order of court making the heir a party defendant and an amendment of the bill which made him a party, such facts render the service void and jurisdiction of the person of the heir is not acquired.

Error to the Circuit Court of Vermilion county; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the April term, 1912. Reversed and remanded with directions. Opinion filed October 15, 1912.

TILTON & TAYLOR, for plaintiff in error.

SILAS COOK and O. M. JONES, for defendants in error.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a bill of review filed by the plaintiff in error against the defendants in error seeking to have reviewed a decree entered in the Vermilion County Circuit Court, on the second day of November, 1908, in the case of The St. Louis Loan and Investment Company of East St. Louis, Illinois, against A. H. Ford, C. J. Ford and C. B. Spang, entitled, "Foreclosure," for want of jurisdiction of the court of the person of Zadoc Ford, a minor; the bill alleged the proper credits were not given for payments made upon the indebtedness; that the decree does not find or determine the several amounts due to the complainant in the original bill, as interest, premiums, dues or principal, but makes a finding of a total sum; that the allowance of solicitors' fees is illegal and void; that the appointment of a receiver was illegal and void, and that the sale made under said decree was without legal authority and void.

The original bill here sought to be reviewed was filed in the Vermilion Circuit Court to the October term, 1907, and was for the foreclosure of a real estate mortgage. All defendants were duly served with summons and the cause regularly continued from term to term. On May 7, 1908, the record shows the following proceedings were had. A summons was issued

by the clerk of the said court directed to the sheriff of said county to execute, commanding him to summon Zadoc Ford to appear at the May term of said court, on the third Monday in May, to answer the said bill. The return on the summons shows that said Zadoc Ford was duly served on the 8th day of May, 1908.

The record further shows that on the eighth day of May, 1908, the death of A. H. Ford, one of the defendants, was suggested of record and leave given to make Zadoc Ford, the only heir of A. H. Ford, deceased, a party defendant and cause continued for service upon said Zadoc Ford.

On November 14, 1908, by leave of the court, an amended and supplementary bill was filed, alleging, among other things, the death of A. H. Ford and that Zadoc Ford was his only heir at law, and recited that said Zadoc Ford had already been served with summons on May 8, 1908. A guardian *ad litem* was appointed for the minor, Zadoc Ford, and answer filed. The other plaintiff in error, Charity J. Ford, was called and defaulted and a decree entered, the property sold and a deficit reported.

The bill here under consideration contained many recitations which we do not deem it necessary to consider, and concludes with a prayer that the decree in the foreclosure proceeding be revoked, reversed and set aside and no further proceedings taken therein; that the defendants to the bill be restrained from taking possession of the property or from collecting rent, or in any manner interfering with the rights and interests of the complainants, plaintiffs in error here.

To the bill of review the defendants in error filed general demurrers in the trial court, which demurrers were sustained and the bill dismissed for want of equity, and this is a writ of error sued out of this court by plaintiff in error to reverse the order of dismissal.

We are of the opinion the trial court erred in sus-

taining the demurrers and dismissing the bill herein for the reason the record of the former proceedings recited in the plaintiff in error's bill fails to show that the court rendering the decree in the foreclosure proceeding had any jurisdiction over the person of Zadoc Ford. It is disclosed by said record that on the 8th day of May, 1908, the death of A. H. Ford, father of the said Zadoc Ford, was suggested of record and leave given to make said Zadoc Ford a party defendant to the proceeding, and that the cause was continued for service upon him. On the same day the sheriff served the summons which had been issued on May 7th upon said Zadoc Ford. This was all of the proceedings had upon the said 8th day of May. On the 14th day of November, 1908, at a subsequent term of the said court, an amended and supplemental bill was filed, reciting the death of the said A. H. Ford, and that Zadoc Ford was his only heir at law, and a minor, and further reciting that he had already been served with summons.

The summons referred to, as shown in the record, was issued on the 7th day of May, 1908, one day before the death of the defendant A. H. Ford was suggested of record, and one day before leave was given to make said Zadoc Ford a party defendant, and more than six months before the amended bill was filed making him a party defendant.

The law under which said Zadoc Ford was intended to have been made a party defendant to the foreclosure proceeding, provides that when there are several defendants to a proceeding and one of them dies before judgment or decree, the suit shall not abate, if it might originally have been begun against the heir or representative of the deceased, but upon the death of the defendant being suggested on the record, summons shall, by the order of the court, issue against such person or legal representative, requiring him to appear and defend, etc., after which the case shall proceed

as if it had originally been commenced against him. Section 12, chap. 1, R. S.

Thus it will be seen from this section, that it was necessary that the court should make an order before summons could be issued. In other words, the plaintiff in error, Zadoc Ford, could not be made a defendant without the order of the court being first had. And, after the order was made, the defendant should be proceeded against in all respects as if he had been made a party at the commencement of the suit.

Section 4 of chapter 22, R. S., entitled "Chancery," provides that the mode of commencing suits in chancery shall be by filing a bill of complaint with the proper clerk, and section 8 of said chapter provides that upon the filing of the bill the clerk shall issue summons. In passing upon these sections of the statute, the supreme court, in the case of Hodgen v. Guttery, 58 Ill. 431, said: "It will be thus seen that a summons cannot issue until the bill is filed. It is only upon its being filed with the clerk that the suit is commenced, or the summons can issue. Such is the statutory requirement. This act regulates and establishes the practice in such cases, and it alone confers power on the clerk to act, and he must conform to its provisions. Until the bill is filed no suit is pending, and until it is commenced the clerk can neither legally issue process nor make publication." This holding is supported by the following authorities. Reid, Murdoch & Co. v. Sheffy, 75 Ill. App. 136; Hansen v. Klicka, 78 Ill. App. 177; Mitchell v. King, 187 Ill. 452.

There is no difference between the position that the plaintiff in error Zadoc Ford sustains to the decree sought to be reviewed than there would have been had he been made a party defendant to that bill at the time of the filing of same and had been served with summons issued by the clerk before the bill was filed. The fact that the summons in that case was issued before the suggestion of the death of the ancestor and the order of the court making him a party defendant and

the amendment of the bill which made him a party, renders the service void, and did not give the court jurisdiction of his person. Not having been legally made a party to that proceeding, it naturally follows that he is not bound by the decree rendered in that case, and was not required, in law, to observe, obey, or even respect the decree.

The allegations of the bill here involved show that the court did not have jurisdiction of the person of the plaintiff in error Zadoc Ford, the minor, at the time of rendering the decree of foreclosure.

It was error, therefore, to assume to have jurisdiction, and the error is apparent from an examination of the record in that case.

There are other errors complained of by the plaintiff in error, but we do not deem it necessary at this time to discuss them.

For the error above indicated, the order and decree of the court below is reversed, and the cause is remanded to the circuit court with directions to overrule the demurrer.

*Reversed and remanded with directions.*