Edward P. Harney, Appellee, v. David Colwell et al.,
Defendants, William J. Parish, Appellant.

Gen. No. 9,758.

Heard in this court
at the February term, 1942.          Opinion filed April 8, 1942.

V. A. PARISH, of Momence, for appellant.

WAYNE H. DYER, of Kankakee, for appellee; EDWARD
P. HARNEY, *pro se.*

MR. JUSTICE WOLFE delivered the opinion of the
court.

Edward P. Harney, the plaintiff, started a suit in
the circuit court of Kankakee county, Illinois, to fore-
close a trust deed on real estate in that county. The
complaint alleges that Elizabeth J. Cleary sold real
estate to David Colwell under contract of sale, a copy
of which is attached to the bill of complaint; that
pursuant to said contract, on May 31, 1929, she con-
veyed said real estate to David Colwell, and contempo-
raneously therewith, said David Colwell and his wife,
Lana Colwell, gave a trust deed to Elizabeth J. Cleary
to secure the balance of said purchase price in the
sum of $2,600, and also executed a promissory note for
$2,600; that said note was signed by David and Lana

Colwell, and was made, "payable to ourselves," for the sum of $2,600; that this is the note which was secured by the deed of trust; that said note and deed of trust were delivered to Elizabeth J. Cleary; that through an oversight, said Colwells failed to indorse said note; that it was understood and agreed between the parties that the Colwells were to give a valid trust deed and note to Elizabeth J. Cleary for the balance of the purchase price of said premises, but that under the circumstances, the note and trust deed creates, and is an equitable lien on the real estate described in said trust deed.

It is further averred that after the note and trust deed were delivered to Elizabeth J. Cleary unindorsed as aforesaid, she delivered said note and trust deed to Edward P. Cleary with intent to pass title to him, and that Edward P. Cleary delivered said note and trust deed to the First National Bank of Momence, Illinois, with intent to pass title to said bank, and that later Floyd H. Goff, receiver of said bank, sold and delivered the same to the plaintiff for a valuable consideration, and that the plaintiff is now the bona fide owner and holder in due course of said note, and said trust deed securing the same; that William J. Parish on April 6, 1939, took title to said premises by a quit-claim deed from David Colwell and Lana Colwell, his wife; that the principal of said note is past due, and that the defendants are in default. The plaintiff asks for foreclosure of his trust deed.

William J. Parish filed a motion in the nature of a demurrer to strike the complaint, as not stating a cause of action. This motion was denied, and he was then given leave to file his answer in which he admitted the execution of the note and trust deed, but denied that the plaintiff was entitled to foreclose the same, or that the deed of trust created an equitable lien on said real estate, or that the same was enforceable against the real estate in question.

The case was heard before the court who found the issues in favor of the plaintiff, and decreed that he had an equitable lien on the premises in question, and was entitled to foreclose the same. It is from this decree that the appeal is prosecuted.

It is seriously insisted by the appellant that the note representing the debt of $2,600 is a nullity, as the note is made payable by the Colwells to themselves, and not having been indorsed by them, is not a promissory note, and has no validity whatsoever.

The facts are not in dispute. It is a question of law under the record in this case whether the court erred in decreeing a foreclosure of this note and trust deed. The deed, note and trust deed were executed in the office of Edward P. Harney, an attorney at law, who is the plaintiff in this suit. After they were executed, all of the parties including Mr. Harney, went to the First National Bank where Edward P. Cleary borrowed $700. The note and trust deed were delivered to the bank, as collateral security for the loan. At the time of this transaction, there was considerable trouble between Mr. Cleary and the other officers of the bank. Later, the bank went into the hands of the receiver and this note and trust deed were found to be part of its assets. The bank collected nothing on the note. Before William J. Parish obtained the deed from the Colwells for this property, he had a conversation with the receiver of the bank, relative to the purchase of this note and trust deed, but declined to purchase the same, as he told the receiver that he did not think it was worth anything. At the time Mr. Edward P. Harney purchased the note and trust deed from the receiver of the bank, he knew that Parish had procured a deed for the property from the Colwells, so both appellant and appellee had full notice of all circumstances concerning the transaction at the time they purchased their interest in the property, and the note and trust deed. In the consideration of the case, the rights of

third parties, creditors or purchasers without notice, are not concerned in this litigation.

The evidence shows that the Colwells were purchasing the property under a contract of sale from Elizabeth J. Cleary; that she gave to the Colwells a deed for the premises, and at the same time took back the note for $2,600, and trust deed purporting to secure the payment of the $2,600 note; that she then made Edward P. Cleary a present of the note and trust deed, and that he immediately delivered the note to the First National Bank, as collateral security for a loan to him. The receiver of the bank, for a valuable consideration, transferred the note to Edward P. Harney. Under these circumstances we think that Harney's right to foreclose this note and trust deed, would be the same as the assignor (the bank), and that the bank's right to foreclose, would be the same as its assignor (the Cleary's), and as between the Cleary's and the Colwell's, we think that the Cleary's had an equitable lien on the premises described in the deed of trust for the debt represented by the note and the deed of trust.

In the case of *Aldrich v. R. J. Ederer Co.,* 302 Ill. 391, at page 395, the Supreme Court had occasion to discuss the law relative to equitable liens, and on page 395, we find the following: "It has been held that whenever parties enter into an express executory agreement in writing indicating an intention to make some particular property, real or personal, or a fund, security for a debt or other obligation, there is created an equitable lien on the property described in such contract which is enforcible in the hands of the original contractor, and also his heirs, administrators, executors, voluntary assignees, purchasers and incumbrancers with notice. (*Walker v. Brown,* 165 U. S. 654; 10 R. C. L. sec. 100.) An equitable lien is the right to have property subjected in a court of equity to the payment of a claim. It is not a *jus in re* or a *jus ad rem;* neither a debt nor a right of property, but

a remedy for a debt. (*Webster v. Nichols*, 104 Ill. 160.) It is simply a right of a special nature over the thing which constitutes a charge or incumbrance upon the thing, so that the very thing itself may be proceeded against in an equitable action and either sold or sequestered under a judicial decree, and its proceeds in one case, or its rents and profits in the other, applied upon the demand of the creditor in whose favor the lien exists.'' To the same effect is *Freeman v. Equitable Life Assurance Society*, 304 Ill. App. 517; *Kukuk v. Martin*, 331 Ill. 602. The earliest case to announce this same doctrine was *McCauley v. Rogers*, 104 Ill. 578.

From the evidence in this case, it clearly appears that when the note and deed of trust were delivered by the Colwells to Mrs. Cleary, they fully intended to create a lien on the premises described in said deed of trust in favor of Mrs. Cleary. As stated in *Aldrich v. R. J. Ederer Co., supra,* this lien would be enforceable in the hands of the original holder of the trust deed, her heirs, administrators, executors and assignees, purchasers and incumbrancers with notice. At the time Mr. Parish purchased this property he had full notice of the existing note and deed of trust, so he cannot be considered an innocent purchaser without notice.

It is our conclusion that the trial court properly found that the complaint stated a good cause of action, and that the plaintiff was entitled to have the deed of trust foreclosed, as an equitable lien on the premises described in said deed of trust.

The decree of the trial court is affirmed.

*Affirmed.*