[No. 30324.   Department One.   February 19, 1948.]

HARVEY G. MCLAUGHLIN et al., Respondents, v.
IVER H. ZARBELL, Appellant.[1]

*Melvin T. Swanson,* for appellant.

*Wright, Booth & Beresford,* for respondents.

MILLARD, J.—On July 2, 1946, when Ike Wheeler completed the work of installation of a new motor in, and performance of labor upon, an automobile owned by Clarence Wheeler, he delivered that automobile to its owner. On the same date, Ike Wheeler executed a chattel lien for the materials and labor incident to repair of that automobile, and assigned the lien to Iver H. Zarbell, who filed the lien and assignment, July 3, 1946, in the office of the auditor for King county, under the provisions of Rem. Rev. Stat., § 1154.

On July 18, 1946, Harvey G. McLaughlin and Walter Damus, doing business as Superior Used Cars, purchased

[1]Reported in 190 P. (2d) 114.

the automobile from Clarence Wheeler. McLaughlin and Damus sold the automobile, August 8, 1946, to E. A. Privrasky. The sale to Privrasky was on a conditional sales contract, which was assigned to V. F. Fleischman, doing business as Lee James Finance Company.

August 19, 1946, Iver H. Zarbell, assignee of the lien of Ike Wheeler against the automobile of Clarence Wheeler, brought an action against Clarence Wheeler and his wife to foreclose the lien. At the time of the institution of this action, the state department of licenses informed Zarbell that Clarence Wheeler was the owner of the automobile as disclosed by the records. A default judgment was taken against the defendants, and decree of foreclosure of the lien was entered, September 9, 1946. The transfers of title to the automobile were not registered with the department of licenses until September 6, 1946, three days prior to entry of decree of foreclosure of Zarbell's lien. At the time of the commencement of the lien foreclosure action, plaintiff did not know the whereabouts of the automobile, nor was he aware that anyone other than Clarence Wheeler and wife had any interest in the automobile.

In reply to Zarbell's letter requesting registration of the lien foreclosure decree against title to the automobile, the department of licenses informed Zarbell, September 26, 1946, that the vehicle had been sold to E. A. Privrasky, as registered owner, and Lee James Finance Company, as legal owner, September 6, 1946. It was not until receipt of the foregoing letter that plaintiff had knowledge of the sale of the automobile.

On October 17, 1946, Harvey G. McLaughlin, Walter Damus, and V. F. Fleischman instituted an action against Iver H. Zarbell and Clarence Wheeler et ux., for the purpose of having the lien foreclosure decree adjudged of no effect as to them, for the reason that they were not joined as parties defendant in the lien foreclosure action. Trial of the cause to the court resulted in entry of a decree that Zarbell acquired a good, sufficient, and enforcible chattel lien against the automobile without the necessity of registering the same with the department of licenses. No

appeal was taken from that portion of the decree, by defendants or plaintiffs. The court further decreed that the foreclosure action, brought by Zarbell, in which the plaintiffs in the case at bar were not named as parties defendant, did not affect or impair the rights of the plaintiffs in and to the automobile, and that they were not bound by the lien foreclosure decree. It is from this portion of the decree that Zarbell has appealed.

Counsel for appellant contends that, as the rights of respondent purchasers and encumbrancers of the automobile in question were not registered or placed of record until after commencement of appellant's lien foreclosure action, those persons were not necessary parties defendant in the lien foreclosure action; hence, they are bound by the lien foreclosure decree.

■■ Appellant's notice of lien on the automobile was timely filed in the office of the auditor for King county, as required by the statute (Rem. Rev. Stat., §§ 1154, 1155 [P.P.C. §§ 172-1, 172-3]); therefore, respondents, who were subsequent purchasers of the automobile, purchased with constructive notice of the lien and assignment of the same. If respondents had registered their title immediately upon purchasing the automobile (July 18, 1946, and August 8, 1946), appellant would have been afforded an opportunity to join them as parties defendant in the lien foreclosure action, which was commenced August 19, 1946. The lien and assignment thereof to appellant were timely filed, as required by the statute, and there was no duty on the part of appellant to file notice of lien with the department of licenses. ° Appellant filed, as required by the statute (Rem. Rev. Stat., § 6312-6 [P.P.C. § 278-9]), the lien foreclosure decree with the department of licenses, September 26, 1946, at which time he first learned of the interests of the respondents, which was more than a month subsequent to the date of the commencement of the foreclosure action.

■ Where a lien and assignment, as in the case at bar, are properly recorded, and the foreclosure proceeding is properly brought against the original owner of the property, one who purchases the property subsequent to com-

mencement of the suit is not a necessary party in the foreclosure proceeding. The rule is stated in *Whitney v. Higgins,* 10 Cal. 547, 70 Am. Dec. 748, to the effect that persons who acquire interest, by conveyance or encumbrance, after the foreclosure action is instituted, are not necessary parties, but are bound by the decree in the foreclosure action. In the case cited is the following quotation from Story's Equity Pleading, § 194:

" 'But encumbrancers, who become such *pendente lite,* are not deemed necessary parties, although they are bound by the decree; for they can claim nothing except what belonged to the person under whom they assert title, since they purchase with constructive notice; and there would be no end to suits, if a mortgagor might, by new incumbrances, created *pendente lite,* require all such incumbrancers to be made parties.' "

See, also, *Cornell v. Conine-Eaton Lbr. Co.,* 9 Colo. App. 225, 47 Pac. 912; *Oglethorpe Sav. & Trust Co. v. Morgan,* 149 Ga. 787, 102 S. E. 528; *McCauley v. Rogers,* 104 Ill. 578.

Appellant had neither actual nor constructive notice of respondents' interests until after entry of the decree of foreclosure of the lien. Respondents had constructive notice of the interests of appellant at the time they made their purchases of the automobile. Respondents were not necessary parties in the foreclosure action, but they are bound by the decree therein, for the reasons above stated.

The judgment is reversed.

MALLERY, C. J., SIMPSON, SCHWELLENBACH, and HILL, JJ., concur.