Foster et al. v. Illinski.

---

AMELIA FOSTER ET AL.

v.

A. X. ILLINSKI.

1. ATTACHMENT—TIME OF MAKING AFFIDAVIT.—The ground for an attachment should exist at the time the proceeding is commenced, and for this reason the time intervening between the making of the affidavit and the commencement of attachment proceedings, should not be unreasonable. The two acts need not be simultaneous, but done within a reasonable time; and what is a reasonable time is to be judged of by the situation of the parties. In this case, eleven days was held to be an unreasonable time.

2. LEVY—RETURN SHOULD SHOW PROPERTY WAS DEFENDANT'S.—The return upon the attachment writ should show that the property was levied upon as belonging to the defendant.

ERROR to the Circuit Court of St. Clair county; the Hon. AMOS WATTS, Judge, presiding.

Mr. WILLIAM WINKLEMAN, for plaintiffs in error; that the affidavit should be made and filed at the time the writ issued, cited Rev. Stat. 1874, 152, § 2; Wilson v. Arnold, 5 Mich. 98; Fessenden v. Hill, 6 Mich. 242; Campbell v. McCahan, 41 Ill. 46.

The return should state that the property was levied upon as belonging to the defendant: Cost v. Rose, 17 Ill. 276; Boyland v. Boyland, 18 Ill. 551; Pardon v. Dwire, 23 Ill. 572; Clay v. Neilson, 5 Rand. 596; Tiffany v. Glover, 3 G. Green, 387; Mason v. Anderson, 3 Mon. 293; Anderson v. Scott, 2 Mo. 15; Johnson v. Johnson, 26 Ind. 142; Meaby v. Zigler, 23 Tex. 88; Refina v. McPherson, 2 Kan. 340; Pelton v. Planter, 13 Ohio, 209; Reitz v. The People, 77 Ill. 518.

Plaintiffs in error being non-residents, and having no notice of the suit, have waived nothing, and may urge these defects in the appellate court: Willetts v. Ridway, 9 Ind. 367; Thormyer v. Sisson, 83 Ill. 188.

Mr. WM. G. LAUNTZ and Mr. M. MILLARD, for defendant in error; that the affidavit was made within a reasonable time, cited Drake on Attachment, § 111; Creagh v. Delane, 1 Nott. & McCord 189; Wright v. Reagland, 18 Tex. 289; Graham v. Bradbury, 7 Mo. 281.

A return is sufficient without stating that the property levied upon was the defendant's: Johnson v. Moss, 20 Wend. 145; Bickerstaff v. Patterson, 8 Porter, 245; Kirksey v. Bates, 1 Ala. 303; Miller v. McMillen, 4 Ala. 527; Thornton v. Winter, 9 Ala. 613; Saunders v. Columbus & Co. 43 Miss. 583; Rowan v. Lamb, 4 G. Greene, 468.

WALL, J. This was an attachment proceeding brought by Illinski against Foster. The affidavit alleged that the plaintiff was a resident of Cahokia, in St. Clair county, and that defendants were not residents of the State. It was sworn to before a notary public of said county, on the 2nd day of August, 1877,

and filed in the office of the clerk of the Circuit Court on the 13th day of August, on which latter day the writ was issued. The attachment having come into the hands of the sheriff, he made the following return: "By virtue of the within writ, I have this 13th August, 1877, levied upon the following described real estate, to wit: Lots 31 and 34 of the commons of Prairie du Pont, St. Clair county, Ill., as laid out on the plat of said commons, book A, page 77, St. Clair county, Ills. Defendants not found in my county." At the January term, 1878, default was entered against the defendants, it appearing that notice of the pendency of the suit had been given by publication. It is assigned as error that the writ was improperly issued upon this affidavit, the latter having been sworn to eleven days before it was filed in the clerk's office. The affidavit is the foundation and the commencement of the suit. The statute does not provide in terms when it should be made, but it is necessary, of course, that the ground of attachment should exist at the time the proceeding is commenced. The doctrine of presumption, as known in the law of evidence, that a certain fact or condition having been proven to exist, its continued existence will be presumed until the contrary is shown, does not apply. The proceeding is purely statutory, and a substantial compliance with the provision of the statute is essential to the validity of the judgment. In the case of Campbell v. McCahn, 41 Ill. 47, a similar question was considered by the Supreme Court. There the proceedings were in chancery; the defendant not being personally served, notice was given by publication. Twenty days intervened between the making of the affidavit and the filing of the bill. It was there said that the law being remedial, it ought to be liberally construed, so as to promote the remedy, and therefore it was not deemed essential that the affidavit should be sworn to simultaneously with the filing of the bill. It would be sufficient if filed within a reasonable time, and what was a reasonable time must depend upon the circumstances of each case. Where the person making the affidavit resides in the county in which the suit is brought, less time would be reasonable than where he resided in a different county; and in the latter case less than where he resided in a

Foster et al. v. Illinski.

different State. In such case a reasonable time should be allowed within which to transmit the affidavit to the place where it is to be used. It was held that twenty days was obviously an unreasonable time to transmit the affidavit from an adjoining county. Allowing for the irregularity of the post or the delay of messenger, it was manifest no such time was necessary; and the conclusion was reached that the publication was unwarranted, and failed to give the court jurisdiction.

Testing this case by the reasoning of that case, it would seem clear that the writ was improperly issued. The plaintiff was a resident of the same county and within easy communication by railroad of the county seat. One day would have been ample time within which to make the visit and return, or to send the affidavit by mail, and if the question what is a reasonable time is to be solved by ascertaining how long would in the exercise of ordinary diligence be required to make the affidavit and lodge it in the office of the clerk, there can be no doubt that the time employed in this case was too long. It is also urged that the return of the officer does not show a levy upon the property of the defendant. We have examined the various authorities cited as to the effect of this omission. They are not harmonious, but we think the better rule is that the return should show that the property was levied upon as belonging to the defendant, and such seems to have been the view entertained by the Supreme Court in the case of Reitz et al. v. The People, etc. 77 Ill. 518. The judgment will be reversed and the cause remanded with leave to amend the affidavit and return.

Reversed and remanded.