## Charles Hansen, Henry T. Shannon and Rose J. Shannon v. Joseph Klicka.

1. SERVICE OF PROCESS—*By Publication.*—Affidavits of non-residence can be filed and service by publication had only as to those who are defendants.

2. PARTIES—*Service by Publication—In Chancery.*—No one can be a defendant in a cause in equity until he has been so named in the bill of complaint, with a prayer for relief against him, and until a party is so named a notice to him by publication is a nullity.

3. LIS PENDENS—*When Suits in Equity Are.*—A suit in equity is not *lis pendens* to a party until a bill has been filed against him and service had upon him.

4. ERROR—*Where the Writ Lies—Parties.*—When a decree makes a person an apparent party and recites service upon him by publication, establishes a lien upon his land and orders it sold and the proceeds paid to others, he has a legal right to resort to a writ of error to secure its reversal, although he was not served with process in the suit.

**Bill to Enforce a Vendor's Lien.**—Trial in the Circuit Court of Mc-Henry County; the Hon. CHARLES E. FULLER, Judge, presiding. Hearing and decree for complainant. Error by defendants. Heard in this court at the May term, 1898. Reversed and remanded. Opinion filed September 26, 1898.

STATEMENT.

On May 13, 1897, Joseph Klicka filed a bill in equity in the court below against Henry T. and Rose J. Shannon, to enforce a vendor's lien on five acres of land in McHenry county, which Klicka had once owned and had sold and conveyed to Henry T. Shannon, and for which land he averred said Shannon had agreed to pay him $500, but had failed to make the payment. A summons was issued on said day for said defendants, but it was not served. An alias summons was issued May 28, and returned, according to the record before us, served on Henry Sherman instead of Shannon. On September 22 a solicitor entered the appearance of Henry T. and Rose J. Shannon. On May 25 Klicka obtained leave to file an amended bill, but did not file it till September 21. Meanwhile, on August 11, 1897, complainant filed an affidavit of the non-residence of Charles Hansen and began a publication of notice against him, which publication was completed September 9th. The amended bill first made Hansen a defendant. It repeated and enlarged the statements of the original bill, and further charged that on May 21, 1897, Shannon conveyed said five-acre tract to Charles Hansen, who was in possession of said land, claiming to own the same; and that Hansen took said premises with full knowledge that there was $500 purchase money for said premises due from Shannon to complainant. Eight days after said amended bill was filed complainant made proof of service by publication as to Hansen, and on the same day and without any rule to answer the amended bill, all the defendants were defaulted. On October 8th, and without any rule to answer the amended bill, said three defendants were again defaulted, and there was a decree finding $531.65 purchase money due complainant, for which he was entitled to a lien on said premises, and that Hansen's rights, if any, were subject to said lien.

In default of payment within thirty days the master was directed to sell the premises, pay complainant, and pay the overplus, if any, to Henry T. Shannon.   On October 25th, at the same term, Henry T. Shannon moved to vacate the default and all proceedings and supported the application by affidavits and by an answer under oath, setting up a complete defense to the bill.   The court denied the motion. The three defendants bring this writ of error to review said decree, and each separately assigns error on the record.

C. P. Barnes, attorney for plaintiffs in error.

Geo. W. Field and Jas. E. Cross, attorneys for defendant in error.

Mr. Presiding Justice Dibell delivered the opinion of the court.

Affidavits of non-residence can be filed and service by publication can be had only as to those who are defendants. No one can be a defendant in a cause in equity till he has been so named in the bill of complaint, with a prayer for relief against him.   Story's Equity Pleading, Secs. 26, 44. Hansen was first named as a defendant in this cause September 21, 1897.   The attempted notice to him by publication prior to that date was a nullity.   Hodgen v. Guttery, 58 Ill. 431.

There was no service upon Hansen, and therefore the decree was erroneous in establishing a vendor's lien upon the land when the bill averred it had previously been conveyed by Shannon to Hansen by warranty deed, and that Hansen was in possession of the land, claiming to own it. The decree was also erroneous in directing the overplus to be paid to Shannon, under a bill making the averments stated.   It is urged the decree is so erroneous as to Hansen that it is void as to him, and that as he was not served he was not in fact a party and can not bring a writ of error to reverse the decree; and that it is good against the Shannons.   We can not concur in this view.   A suit in equity

is not *lis pendens* till a bill has been filed and service had. Grant v. Bennett, 96 Ill. 513; Drake v. Allison, 145 Ill. 500. Hansen became the owner of the land before the suit was *lis pendens* as to any one, and therefore the court could not establish and enforce a lien on the land until he was made a party and served with summons; and with Hansen not a party to the suit there was nothing to give a court of equity jurisdiction; and in that condition of the record complainant should have been left to sue Shannon at law upon his promise. But the record makes Hansen an apparent party and recites service upon him by publication, establishes a lien upon his land and orders it sold and the proceeds paid to others. It creates a cloud upon his title. We do not doubt his right to resort to a writ of error to secure the reversal of an erroneous decree having this apparent effect upon his property. Under the facts stated the Shannons should be permitted to answer.

The decree will be reversed and the cause remanded.