## Weber Chimney Company, Appellant, v. Claude A. Johnson, Appellee.

### Gen. No. 22,842.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. LOCK-WOOD HONORE, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917.

### Statement of the Case.

Action of attachment by the Weber Chimney Company, plaintiff, against Claude A. Johnson, defendant, as a nonresident debtor. From a judgment for defendant, plaintiff appeals.

FREDERIC BURNHAM, for appellant.

RANKIN, HOWARD & DONNELLY, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. ATTACHMENT, § 14*—*when evidence is sufficient to establish residence within State.* Evidence *held* sufficient to establish de-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

fendant's residence within the State, in an action in attachment against defendant as a nonresident debtor, where it appeared that defendant was a traveling man, absent from the State most of the time, but had rented a room in a house in a city within the State, carried a key and occupied the room when in the city.

2. ATTACHMENT, § 3*—*when act construed strictly.* An attachment is an extraordinary remedy, and the act is strictly construed against the party seeking to enforce its drastic provisions.

3. ATTACHMENT—*when grounds of must be strictly proven.* There are no presumptions in favor of plaintiffs in attachment suits; the grounds of attachment must be strictly proven.

4. ATTACHMENT—*residence as question of fact.* The question of residence in an attachment suit is one of fact.

5. DOMICILE, § 4*—*what considered in determining residence.* The question of residence is largely a matter of intent.

6. APPEAL AND ERROR, § 1500*—*when exactitude in rulings of court are not imperative.* Where the merits of the controversy are strongly in favor of the defendant, exactitude in the rulings of the court in procedure or on instructions are not imperative.