## David Lakin, Plaintiff-Appellant, v. Olive Wood and T. E. Landy, Defendants-Appellees.

### Term No. 51F11.

Opinion filed May 23, 1951.

Released for publication June 22, 1951.

GEORGE J. MORAN, of Granite City, for appellant.

WHITNEL & WALKER, of East St. Louis, for appellees; RICHARD W. STERLING, of East St. Louis, of counsel.

MR. JUSTICE BARDENS delivered the opinion of the court.

On November 13, 1944, plaintiff filed this suit against the two named defendants. The defendant Olive Wood was named in the complaint as Olive Woods. The complaint in substance alleged: that plaintiff had previously purchased from a third party a certain piece of real estate; that in order to pay the balance of the purchase price for said real estate he had borrowed the money from one J. M. Bridges, the father of defendant Olive Wood; that he thereupon had delivered to J. M. Bridges a warranty deed; that J. M. Bridges took possession of the property and collected the rentals of fifteen dollars a month therefrom; and that the rental collected was to be applied to the indebtedness evidenced by the warranty deed. The complaint also alleged that all of the indebtedness had been paid in full by the receipt of rentals and by a credit of fifty dollars worth of lumber which plaintiff delivered to J. M. Bridges. The plaintiff had requested J. M. Bridges, in his lifetime, and Olive Wood, since that time, to reconvey said property as promised, but these requests had been refused. The complaint then prays that Olive Wood, the only heir at law of the said J. M. Bridges, be compelled to convey by good and sufficient deed the said property to the plaintiff and that a full accounting be made. In addition, there is a prayer for general relief. The defendant T. E. Landy was a tenant in possession of said real estate and was made defendant for that reason.

Subsequently, on December 22, 1944, both defendants were defaulted and the cause was referred to the master in chancery who heard evidence and later made

a report to the court. Based upon this report, a decree was entered on August 17, 1945. It recited that since the defendant Olive Wood was a nonresident and service on her was had only by publication, the court could not find an accounting nor enter a decree directing her to convey title. The decree then directed the master in chancery to make conveyance of the property to the plaintiff.

In March, 1949, the defendant Olive Wood, under a limited appearance, filed a motion to vacate and expunge the decree of August 17, 1945.

In this motion, the defendant contended that the decree was void for two reasons; (1) that service by publication upon her had not been properly obtained in accordance with the statute; and (2) that the complaint stated a cause for specific performance and therefore the court had no jurisdiction of the subject matter. The decree, it may be noted, was entered prior to the amendment to Paragraph 14 of the Civil Practice Act, Chapter 110, Ill. Revised Statutes, 1949, Section 138 [Jones Ill. Stats. Ann. 104.014], wherein an action such as this one for specific performance was explicitly included. Upon hearing on the motion to vacate the decree, the circuit court, on August 20, 1949, allowed the motion and set aside the original decree. From this judgment setting aside the decree, the plaintiff, David Lakin, appeals.

In this case, jurisdiction of the defendant Olive Wood was dependent upon the provisions of Section 138 of Chapter 110, above cited. This section, so far as material to the present controversy, provides as follows:

"Whenever, in any civil action . . . Plaintiff or his attorney shall file, in the office of the Clerk of the Court in which his suit is pending, an Affidavit showing that the Defendant resides or has gone out of this State . . . so that process cannot be served upon him and

374

stating the place of residence of such Defendant . . . the Clerk shall cause publication to be made in some newspaper . . . "

It appears from the record that the complaint, as above stated, was filed on November 13, 1944. The affidavit alleging nonresidence of the defendant Olive Wood was filed with the clerk on November 2, 1944. Under Paragraph 5 of the Civil Practice Act, Section 129 of Chapter 110 of the Illinois Revised Statutes, [Jones Ill. Stats. Ann. 104.005], it is provided that "every civil action, unless specifically provided otherwise, shall be commenced by the filing of a complaint." It becomes obvious, therefore, that this suit was not commenced until November 13, 1944, and that the affidavit of nonresidence was filed eleven days prior to the commencement of the suit. The record shows that the notice published in the newspaper first appeared on November 16, and appeared subsequently for three successive weeks. It recited that defendant Olive Wood had until the third Monday of December, 1944, to plead or answer. However, the following notation appears at the bottom of the notice and above the signature of the clerk: "Dated at Edwardsville, Illinois, this third day of November, 1944." This fact shows that the publication made was based upon the affidavit filed on November 2, 1944.

██ Our courts have held numerous times that when a plaintiff seeks to obtain jurisdiction over a defendant upon constructive service, he must show a strict and literal compliance with every requirement of the statute. Nothing less than this compliance will invest the court with jurisdiction or give validity to the decree when the same is called in question. *Illinois Valley Bank v. Newman,* 351 Ill. 380. *Correll v. Greider,* 245 Ill. 378. 42 Amer. Jurisprudence, Process, Paragraph 66. Paragraph 14 of the Civil Practice Act, part of which is quoted above, provides the plaintiff or his attorney shall file in the office of the clerk

375

*in which his suit is pending,* an affidavit showing that the *defendant* resides out of the State. When the affidavit for nonresidence was filed in this matter there was no suit pending. Until there was a suit pending, there could not be a defendant in the cause. In the case of *Hansen v. Klicka,* 78 Ill. App. 177, the court passed upon a similar problem arising under Section 12 of the old Chancery Act. The language used in the Chancery Act is almost identical to that now used in the Civil Practice Act. In that case, the court held that where an affidavit of nonresidence was filed a month prior to the filing of an amended complaint which first named the nonresident as a defendant, the court did not acquire jurisdiction of that defendant. In *Hodgen v. Guttery,* 58 Ill. 431, an affidavit for service by publication was filed four days prior to the filing of the bill. The court there used the following language: "Until the bill is filed no suit is pending. Until it is commenced, the clerk can neither legally issue process or make publication . . . "

The plaintiff would be in no better position if it were considered that the affidavit of nonresidence in this case were held in abeyance and filed upon the filing of the complaint. In that event, the affidavit would be ineffective since it had been sworn to an unreasonable length of time before its filing and before the subsequent publication of notice based upon it. In *Campbell v. McCahan,* 41 Ill. 45, the court held where an affidavit of nonresidence had been sworn to twenty days before the filing of the bill in equity, such lapse of time was unreasonable and jurisdiction could not be obtained. Likewise, in an attachment suit where an analogous affidavit is required, the court has held that where the affidavit was sworn to August 2nd · but not filed until August 13th, that the court failed to acquire jurisdiction. This affidavit was insufficient for acquiring the necessary jurisdiction because there

376

was an unreasonable lapse of time between the making and filing of the affidavit. *Foster v. Illinski,* 3 Ill. App. 345.

In our opinion, the filing of the affidavit of nonresidence eleven days before the suit was filed does not show a strict and literal compliance with the statute. Therefore, the court failed to obtain jurisdiction over the person of the defendant Olive Wood and its judgment of August 17, 1945, was void. The lower court, in setting aside and holding the decree of August 17, 1945, void, was entirely correct and should be affirmed.

*Judgment affirmed.*

SCHEINEMAN, P. J. and CULBERTSON, J., concur.