Walter Ezydorski, Appellee, v. Edward
Krozka, Appellant.

Gen. No. 48,233.

First District, First Division.

May 26, 1961.

Arthur V. Zelezinski and Robert P. Brandenburg, of Chicago (D. Varraveto, Jr., of counsel), for appellant.

Wachowski & Wachowski, of Chicago (Casimir R. Wachowski, of counsel), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

This is an appeal from an order entered on June 7, 1960, denying defendant's motion under section 72 of the Civil Practice Act to vacate, because of faulty constructive service, an ex parte judgment against him for possession of a store at 4250 Archer Avenue, Chicago, Illinois. A previous order denying defendant's

motion to vacate was reversed by this court and the cause remanded. Ezydorski v. Krozka (1959), 21 Ill. App. 2d 311, 157 N.E.2d 798.

Defendant leased a first floor store from plaintiff, at 4250 Archer Avenue, for "sales and service of watches and general merchandise, and for no other purpose." Shortly after defendant took possession, plaintiff charged that defendant was using the rear of the premises as living quarters for himself, his wife, his daughter and his dog, in violation of the lease.

After repeated demands on defendant that he discontinue living in the premises, plaintiff filed this forcible detainer suit, charging violation of the lease. Three attempts at serving defendant with summons failed, and substituted service was made by posting and mailing. The envelope containing a copy of the notice addressed and mailed to defendant was returned to the bailiff unopened and marked "Refused." An ex parte judgment was entered on September 23, 1957, and plaintiff was restored to possession.

Defendant on November 22, 1957, moved for vacation of the judgment on the ground that the court had no jurisdiction over his person, because the substituted service did not reach him; that plaintiff knew defendant resided in Palos Township; and that the affidavit of non-residence falsely and fraudulently showed defendant's residence as 4250 Archer Avenue, Chicago, Illinois. Without hearing any evidence, the court denied defendant's motion to vacate the ex parte judgment. This order was reversed by us in our original opinion, and we remanded for a full hearing on defendant's motion.

Pursuant to our decision, a hearing was had on the issues of fact made by defendant's affidavit and plaintiff's counter-affidavit. The court again denied the motion to vacate, and the instant appeal followed. The correctness of this second denial is the question before us.

81

Defendant's testimony that he resided at 9500 South 78th Court, Palos Township, with his family since 1949, was corroborated by three witnesses and exhibits. He further testified that at the time of renting the store, he told plaintiff that occasionally it would be necessary for him to remain on the premises overnight, as a protection from theft and burglary; that in telephone conversations with two of plaintiff's attorneys, he gave them his correct address in Palos Township; and that he received a lease cancellation by registered mail and nothing else until the writ of restitution. He denied refusing any letters at any time.

Plaintiff lived in an apartment above the store occupied by defendant. He denied knowing or that defendant told him he lived in Palos Township. He testified that defendant, his wife, child and dog, lived in back of the store from November, 1956, until October 17, 1957; that he saw them in the premises daily—early in the morning and during the day, at times in the evening, and at night heard them talking, "We could hear them when they were talking down there"; that they were in the premises on the morning of the eviction, and defendant and his wife were in night clothing.

The mailman testified that he knew both plaintiff and defendant. He had delivered mail to defendant at his place of business and also to a woman present in the store. It was his custom to "deliver a piece of mail to the addressee regardless of where it was addressed to, but if he were not there at the time I would probably bring it back on the next trip; and if he were not there I could not say how many times I would carry the mail back and forth. . . . I very seldom return them back to the postoffice from a business place." He did not make any change in the address, and the only writing of his was the word "Refused." "I remember stamping it, because that is my carrier number, 220." He further said: "Evi-

82

dently I had it in my mind that this letter was being refused."

Two attorneys for plaintiff testified, and both denied that defendant ever informed them of his Palos Township address. Both related telephone conversations with defendant, in which he admitted living in the premises, insisting that he had plaintiff's permission to do so.

■ ■ Substituted service by posting and mailing in a forcible detainer action is authorized by paragraph 403, section 48(1b), Chapter 37, Illinois Revised Statutes 1957. Where constructive service is had under its provisions, nothing less than strict and literal compliance with the statute will invest the court with jurisdiction, and where the court fails to obtain jurisdiction over the person of a defendant, its judgment is void insofar as it concerns the person improperly included in it. Lakin v. Wood (1951), 343 Ill. App. 372, 99 N.E.2d 401; 23 I.L.P., Judgments, §§ 12 and 13.

The statutory affidavit for substituted service requires the stating of "the place of residence of the defendant." Where notice by posting is required or proper to be given any defendant, "the bailiff shall at the same time mail one copy of the notice addressed to such defendant at such place of residence and on or before the day set for trial said bailiff shall file said notice with an endorsement thereon stating the time when and places where he posted and to whom and at what address he mailed copies as herein required."

Defendant contends that when words such as "residence," "domicile" and other similar words are used in statutes, they are used synonymously and signify "legal residence" or "domicile," unless their meaning is limited either by express definition in the statute or by the context of the Act. (In re Estate of Quinn (1936), 283 Ill. App. 597.) Therefore, he argues, that as his legal residence was in Palos Township, it

was the proper "place of residence" for substituted service on him, and the address of 4250 Archer Avenue could not be used for substituted service on him, and such use did not give the court jurisdiction of his person, rendering the ex parte judgment void and a nullity.

■ ■ We believe that "the place of residence," as used in paragraph 403, section 48(1b), Chapter 37, should be construed "in its popular sense as the act of abiding or dwelling in a place for some continuance of time," and not restricted to mean "domicile." (Witbeck v. Marshall-Wells Hardware Co. (1900), 88 Ill. App. 101, 110; Weber Chimney Co. v. Johnson (1917), 205 Ill. App. 348; Zipperman v. Wiltse (1943), 317 Ill. App. 654, 47 N.E.2d 365.) We think that the trial court could reasonably decide from the evidence that defendant had acquired a settled and fixed abode at 4250 Archer Avenue, with the intention of remaining there permanently, at least for a time, for business or other purposes, sufficient to constitute "a place of residence" within the meaning of the statute.

■ A subordinate question is raised by the endorsement of the bailiff, stating that a copy of the notice was mailed to defendant at "4230 Archer Avenue." This endorsement has a legal presumption of verity and can be overcome only upon clear and satisfactory evidence that the return is false or is a mistake, whether wrongfully and intentionally or innocently made. Marnik v. Cusack (1925), 317 Ill. 362, 148 N.E. 42; Pyle v. Groth (1957), 15 Ill. App. 2d 361, 366, 146 N.E.2d 219.

■ The envelope, in evidence, does bear defendant's name as the addressee and the street address of "4250 Archer Avenue." There is no evidence when a numeral change, made by writing "5" over "3," was made, or that it was not made before mailing. The mailman, who knew defendant and who had delivered mail to him at 4250 Archer Avenue, denied

that the numeral change was in his handwriting and disclaimed all knowledge of it. The word "Refused" was in his handwriting and his testimony as to his customary attempts to make delivery of a letter to a known addressee was sufficient for the court to reasonably conclude that defendant had refused delivery of the letter. We believe, on this point, the court was presented with satisfactory evidence sufficient to reasonably decide that the endorsement of the bailiff as to mailing a copy of the notice to "4230 Archer Avenue" was overcome and a mistake, and that the substituted service was sufficient to invest the trial court with jurisdiction of the defendant at the time of the entry of the ex parte judgment.

█ The determination of this case depends largely upon the facts to be found in the record. Where the trial court has seen and heard the witnesses and the testimony is contradictory, this court will not substitute its judgment as to the credibility of witnesses for that of the trial court and will not disturb the findings unless they are manifestly against the weight of the evidence. Brown v. Zimmerman (1959), 18 Ill. 2d 94, 102, 163 N.E.2d 518.

We are satisfied from an examination of all the evidence that the motion to vacate the ex parte judgment was properly denied. We cannot say, as we must in order to reverse the order, that an opposite conclusion is clearly apparent. Olin Industries, Inc. v. Wuellner (1954), 1 Ill. App. 2d 267, 271, 117 N.E.2d 565; Balfour v. Balfour (1959), 20 Ill. App. 2d 590, 597, 156 N.E.2d 629.

For the reasons stated, and as no other points need be decided, the order of June 7, 1960, is affirmed.

Affirmed.

KILEY, P. J. and BURMAN, J., concur.