[No. 10754-6-II.   Division Two.   May 16, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. SHERM WADE McKELVEY, *Appellant.*

*Terrance W. Oostenbrug* and *Crawford, McGilliard, Peterson & Yelish,* for appellant.

*C. Danny Clem, Prosecuting Attorney,* and *Douglas B. Fortner, Deputy,* for respondent.

WORSWICK, J.—We reverse Sherm Wade McKelvey's bench trial conviction for criminal possession of a leased motor vehicle, RCW 9A.56.095, because of the State's failure to prove that the notice required as a prerequisite of prosecution was given in the manner specified by the statute.

RCW 9A.56.095(1)(b) provides:

> After leasing machinery, equipment or a motor vehicle under an agreement in writing which provides for periodic rental or lease payments for a period greater than six months duration, fails to pay the lessor of said item the periodic payments when due for a period of ninety days, is thereafter served by registered or certified mail addressed to him at his last known *place of residence or business* with a written demand to return the item to any place of business of the lessor within seventy–two hours from the time of the service of said demand and wilfully neglects to return said item to any place of business of the lessor within five full business days from the date of service of said notice.

(Italics ours.) McKelvey was prosecuted for failing to return a leased truck. The leasing company had a residence address for him, and it later came upon a post office box address. Apparently on the advice of police, the company sent statutory notice to McKelvey by certified mail addressed to the post office box. The notice was returned unclaimed.

The trial court made the following conclusion of law:

### IV.

The Court determines that the legislature intended the term "last known place of residence" to be used synonymously with the term "last known address", and specifically finds that for a statute calling for the mailing of notice by registered or certified mail, that it was the intent of the legislature in passing RCW 9A.56.095, that notice be complete upon a mailing to the Defendant's last known address, whether that be a street address or a post office box.

The narrow question presented is whether this conclusion of law is correct. We hold that it is not.

No specific legislative history is mentioned in the record. Apparently the prosecutor convinced the court that the statute was ambiguous or was analogous to statutes requiring notice to be sent to the "last known address" or "last known residence address," and because of this the court applied rules of construction to reconstruct legislative intent. Such rules are inapplicable here. The statute is crystal clear, and analogies are not needed.[1]

*Place* of residence can mean only the place where the defendant lives, obviously not a post office box. *Ezydorski v. Krozka,* 31 Ill. App. 2d 79, 175 N.E.2d 668 (1961); *Russell v. Holland,* 309 Mass. 187, 34 N.E.2d 668 (1941); *Carter v. Applegarth,* 102 Md. 336, 62 A. 710 (1905). Mail addressed to that place must not be addressed to anyplace else, and particularly not a post office box.

The State contends that the statutory notice requirement is only procedural, and that a different method of service is sufficient if it complies with court rules. We disagree. The notice requirement is not procedural; notice is an element

---

[1]Former RCW 9A.56.090, Laws of 1975, 1st Ex. Sess., ch. 260, § 9A.56.090, replaced by RCW 9A.56.095, specified that notice must be sent "to the last known address". This statute was held unconstitutional in *State v. Alcantara,* 87 Wn.2d 393, 396 n.2, 552 P.2d 1049 (1976). The pronounced change in the critical language is evidence of a change in the Legislature's intent as to where notice was to be sent. *Childers v. Childers,* 89 Wn.2d 592, 596, 575 P.2d 201 (1978). Thus, the legislative history, such as it is, is contrary to the trial court's conclusion of law.

of the offense. *State v. Shriner,* 101 Wn.2d 576, 579, 681 P.2d 237 (1984).

Reversed.

ALEXANDER, C.J., and REED, J., concur.