[No. 12033-0-II. Division Two. October 30, 1989.]

LONGVIEW FIBRE COMPANY, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, ET AL, *Appellants.*

*Kenneth O. Eikenberry, Attorney General,* and *Thornton A. Wilson* and *Beverly N. Goetz, Assistants,* for appellant State.

*Jack J. Ackerman,* for appellant Steven J. McGee.

*Wayne D. Purcell* and *Studley Purcell,* for respondent.

DOLLIVER, J.*—On July 13, 1979, the defendant, Steven McGee, sustained serious injury when his hands were caught between ink rollers of a printing press. The accident occurred in the course of his employment with the plaintiff, Longview Fibre Company, and was due to the negligence of a third party.

On August 1, 1979, McGee filed an accident report with the codefendant, the Department of Labor and Industries, and benefits were paid by both the Department and by Longview Fibre, a self–insured employer. McGee then filed suit against liable third parties who settled for $150,000. At the time of the settlement, the Department had paid $4,074.48 and Longview Fibre had paid $101,420.52 in benefits, for a total of $105,495. Attorney fees in the third

---

*This appeal was heard by two Supreme Court Justices and a retired Superior Court Judge sitting as Court of Appeals Judges Pro Tempore in Division Two.

party settlement were $61,951.25. There is no disagreement as to the amount of the attorney fees.

The controlling statute is RCW 51.24.060(1). Both parties argue that the language, history and intended outcome of RCW 51.24.060(1) support their method for calculating the apportionment of attorney fees.

RCW 51.24.060(1) states in pertinent part:

> If the injured worker or beneficiary elects to seek damages from the third person, any recovery made shall be distributed as follows:
> (a) The costs and reasonable attorneys' fees shall be paid proportionately by the injured worker or beneficiary and the department and/or self–insurer;
> (b) The injured worker or beneficiary shall be paid twenty–five percent of the balance of the award . . .;
> (c) The department and/or self–insurer shall be paid the balance of the recovery made, but only to the extent necessary to reimburse the department and/or self–insurer for compensation and benefits paid;
> (i) The department and/or self–insurer shall bear its proportionate share of the costs and reasonable attorneys' fees incurred by the worker or beneficiary to the extent of the benefits paid or payable under this title . . .
>
> . . . .
> (d) Any remaining balance shall be paid to the injured worker or beneficiary . . ..

The Department computed the proportionate shares of attorney fees by using the ratio of the balance of the $150,000 settlement after the attorney fees ($88,048.75) and the 25 percent share to which claimant is entitled ($22,012.19 which is 25 percent of $88,048.75) had been subtracted ($66,036.56), as against the amount of the settlement ($150,000), which gives a ratio of 44.02437 percent. This made the statutory recovery from the $150,000 settlement, pursuant to RCW 51.24.060(1), as follows:

(1) $61,951.25 for attorney fees and costs;
(2) $49,285.84 for McGee, consisting of his 25 percent share pursuant to subsection (b) ($22,012.19), and proportionate shares towards attorney fees deducted from the Department ($1,053.38) and from Longview Fibre ($26,220.27); and

(3) $38,762.90 toward Longview Fibre ($37,265.78) and the Department ($1,497.12) as the net lien share.

The $38,762.90 is 44.02437 percent of $88,048.75. Because McGee had already distributed to Longview Fibre $38,778.02, and because Longview Fibre had not yet remitted to the Department its part of the recovery, the Department ordered Longview Fibre to pay McGee $15.11 for the overpayment and to pay the Department $1,497.12 for its recovery. Longview Fibre appealed to the Board of Industrial Insurance Appeals. The Board affirmed the Department's interpretation of RCW 51.24.060(1).

Longview Fibre appealed to the Superior Court which reversed and ruled that under RCW 51.24.060 the Department/self–insurer's proportionate share was computed by using the reimbursement lien and the settlement amount ($105,495 divided by $150,000). Thus, the ratio became 70 percent. This altered the statutory recovery as follows:

(1) $61,951.25 for attorney fees and costs;

(2) $26,124.06 for McGee, consisting of his 25 percent share pursuant to subsection (b) ($22,012.19), and the remainder pursuant to subsection (d) ($4,111.87); and

(3) $61,924.69 to Longview Fibre ($59,533) and the Department ($2,391.69) as the net lien share.

The $61,924.69 is 70 percent of $88,048.75 (the settlement less the attorney fee).

The Department and McGee appeal. We accept certification and affirm.

█ The words of a statute "must be accorded their ordinary meaning", *State v. Halsen,* 111 Wn.2d 121, 123, 757 P.2d 531 (1988) (quoting *Davis v. Department of Empl. Sec.,* 108 Wn.2d 272, 277, 737 P.2d 1262 (1987)), and a court only resorts to construction if the statute is ambiguous. *State v. McKelvey,* 54 Wn. App. 140, 142, 775 P.2d 461 (1989). In any case, the language is construed "to give a reasonable, fair, just, and effective meaning to all manifestations of intent [and] so that no provision is rendered

superfluous." (Citations omitted.) *In re Marriage of Nielsen,* 52 Wn. App. 56, 58, 757 P.2d 537, *review denied,* 111 Wn.2d 1023 (1988).

██ We find the language of RCW 51.24.060(1) is clear and supports Longview Fibre's method. RCW 51.24-.060(1)(a) provides that "attorneys' fees shall be paid proportionately", indicating there must be an equation to determine the proportions. This means the figures for the equation must be available. Under Longview Fibre's method, which uses the reimbursement lien and the settlement amount, the figures are available. Under the Department's method, which uses a balance figure and the settlement amount, the balance figure is not yet known.

RCW 51.24.060(1)(c)(i) provides that the basis for the apportionment is "to the extent of the benefits paid or payable", indicating that the figure to be used in determining the ratio is the reimbursement lien. The Department argues that "benefits paid" means benefits gained by the Department/self–insurer and so the balance figure is used, *i.e.,* the amount remaining in the settlement after the attorney fees and the 25 percent are deducted. But the phrase "benefits paid" in RCW 51.24.060(1)(c)(i) can only refer to the reimbursement lien, in this instance $105,495. If the Legislature had wanted "benefits paid" in RCW 51.24.060(1)(c)(i) to mean something else, it would have said so. The choice of language and its context shows the reimbursement lien was the intended figure.

The fact that the basis for the apportionment comes later in the statute or that the items in the subsections must be deducted in order, *Rhoad v. McLean Trucking Co.,* 102 Wn.2d 422, 686 P.2d 483 (1984), does not persuade us the Department's method is correct. The language in subsection (1)(c), not the position of the subsections, is determinative, and the equation necessary in subsection (1)(a) does not deduct anything before the attorney fees, but only sets the proportions.

We also reject the argument that "to the extent of the benefits paid" in subsection (1)(c)(i) does not establish the

proportion, but means the Department/self–insurer can only satisfy its lien. This interpretation makes the subsection redundant, for it already states:

> The department and/or self–insurer shall be paid the balance of the recovery made, but only *to the extent necessary to reimburse* the department and/or self–insurer for compensation and benefits paid . . ..

(Italics ours.) RCW 51.24.060(1)(c). This interpretation would also mean the statute establishes no basis for determining the proportion. It is more logical to interpret subsection (1)(c)(i) as establishing the proportion for the attorney fees and intending the reimbursement lien be used.

The legislative history supports Longview Fibre's method. Prior to the 1983 amendment to RCW 51.24.060, attorney John Aaby of the Washington State Trial Lawyers Association explained at a public hearing the workings of the proposed amendment as follows:

> So let's take a $100,000.00 [settlement] with a $50,000.00 lien. Let's assume standard attorney's fees . . . totaling $37,000.00 . . . That would leave $63,000.00. . . . Under our proposal . . . the claimant again receives the 25% of the net $15,750.00 [25 percent of $63,000] but the Department would then pay its proportionate share of attorney's fees. *In this case it would be a 50% proportion, that is, a $50,000.00 lien on a $100,000.00 recovery.* If this were done, the Department would contribute $18,500.00 to attorney's fees. That is, their lien would be reduced by that amount. The result of that is that their lien would be reduced to $31,500.00 and after that the remainder would be distributed to the claimant . . ..

(Some italics omitted.) Clerk's Papers, at 166. Furthermore, in response to a question, Mr. Aaby stated this plan had been worked out with the Department of Labor and Industries and the Attorney General's office. This is Longview Fibre's method.

The Department argues that Mr. Aaby's figures are rough and he actually applied the Department's method. This is not so. Mr. Aaby clarified the source of the proportion by adding "that is, a $50,000.00 lien on a $100,000.00 recovery." (Italics omitted.) Mr. Aaby also specified that

the Department/self–insurer's proportionate share is used to reduce the lien. The Department's method gives the share directly to the claimant. Mr. Aaby did indicate that any remainder goes to the claimant. But the remainder is not the same as the proportionate share, as the Department argues. A remainder according to subsection (1)(d) is whatever is left when the reduced lien is offset against the balance.

Finally, Longview Fibre's method creates a fair proportion while the Department's method is disproportionate. Under the Department's method, the more deficient the settlement, the lower percentage of attorney fees the Department/self–insurer would pay for an increasing share of the settlement; and the more sufficient the settlement, the higher percentage of attorney fees the Department/self–insurer would pay for a decreasing share of the settlement. The percentages for the Longview Fibre method, however, remain constant whether the settlement is sufficient or deficient, and the fees increase with the amount of the lien.

McGee offered a third alternative method which merged the methods used by Longview Fibre and the Department. We dismiss McGee's contention. First, he did not appeal the Department's original order nor the Board's affirmation and is barred from raising his contention before this court. RCW 51.52.060; RCW 51.52.110; *Dils v. Department of Labor & Indus.*, 51 Wn. App. 216, 752 P.2d 1357 (1988). Second, McGee's contention that the 70 percent proportionate share of attorney fees be paid to the claimant rather than be used to reduce the lien is out of harmony with Mr. Aaby's explanation to the Legislature of the intended workings of the statute.

Because Longview Fibre's method is better supported by the language, history and intent of the statute than the Department's method, we affirm that the Department erred in the apportionment of attorney fees and hold that the method accepted by the Superior Court was statutorily correct.

APPENDIX

I.  Where the settlement is insufficient, the Department/self–insurer would pay the following percentages under the method indicated.

|  | Example 1 | Example 2 | Example 3 |
|---|---|---|---|
| Settlement | 100,000 | 150,000 | 200,000 |
| Attorney Fees | −37,000 | −67,000 | −97,000 |
|  | 63,000 | 83,000 | 103,000 |
| 25% Share | −15,750 | −20,750 | −25,750 |
| Balance | 47,250 | 62,250 | 77,250 |
| Lien | 50,000 | 100,000 | 150,000 |
| Longview Fibre Method | 50% | 66% | 75% |
| Department Method | 47% | 41% | 38% |

II. Where the settlement is sufficient, the Department/self–insurer would pay the following percentages under the method indicated.

|  | Example 1 | Example 2 | Example 3 |
|---|---|---|---|
| Settlement | 100,000 | 150,000 | 200,000 |
| Attorney Fees | −17,000 | −37,000 | −57,000 |
|  | 83,000 | 113,000 | 143,000 |
| 25% Share | −20,750 | −28,250 | −35,750 |
| Balance | 62,250 | 84,750 | 107,250 |
| Lien | 50,000 | 100,000 | 150,000 |
| Longview Fibre Method | 50% | 66% | 75% |
| Department Method | 62% | 56% | 53% |

PEARSON and WIELAND, JJ. Pro Tem., concur.

Reconsideration denied February 20, 1990.

Review denied at 114 Wn.2d 1030 (1990).