[Nos. 29988-3-I; 30028-8-I;  Division One.  August 30, 1993.]
30312-1-I.

DAVID DAVIS, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*

THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant,* v. LUTHER JENKINS, *Respondent.*

THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent,* v. CRUZ GONGORA, *Appellant.*

*William D. Hochberg* and *Levinson, Friedman, Vhugen, Duggan & Bland* and *Scott Wilson*, for Davis, Jenkins, and Gongora.

*Christine O. Gregoire, Attorney General,* and *Jeffrey Boyer, Assistant,* for State.

WEBSTER, C.J. — Cruz Gongora and David Davis appeal summary judgments affirming the method used by the Department of Labor and Industries (Department) in calculating third party distributions under RCW 51.24.060(1).

In the Department's appeal Luther Jenkins seeks affirmation of the trial court's summary judgment. The sole issue on appeal is the Department's calculation of the distribution of third party recoveries and the remaining balance which is to be offset prior to the payment of future benefits.

## FACTS

Gongora, Jenkins and Davis suffered separate work-related injuries caused by third parties. They pursued claims and obtained recoveries against the respective third parties. Gongora and Davis also received compensation and medical benefits from the Department under RCW 51.32. The parties have agreed to the facts.

Gongora received $53,620.47 of which $24,956.43 was an excess third party recovery that must be offset before the Department will pay additional benefits. Jenkins received $24,621.02. The Jenkins court affirmed the Board of Industrial Insurance Appeals' order reducing the offset amount from $18,456.76 to $10,712.03. The reduction was based on an alternative calculation which excludes part of the remaining balance from the offset as the Department's contribution to attorneys' fees and costs of obtaining the recovery.[1] The Davis case involved a deficiency settlement. The industrial insurance fund paid $15,519.93 in benefits to Davis, and the gross recovery was $8,786.46. The Department's initial share was the entire recovery since it paid more in benefits than was recovered. The Department paid all of the $3,236.74 in attorneys' fees and costs. Davis received the statutory 25 percent, $1,387.42, which left $4,162.24 in reimbursement to the Department.

## DISCUSSION

Gongora and Jenkins claim the Department incorrectly calculated the portion of their recovery which must be offset against future benefits under RCW 51.24.060(1)(e). They

---

[1] Under this alternative method the amount of the excess/offset is divided by the gross settlement to arrive at a percentage, which is multiplied by the attorneys' fees and costs. This proportionate share of the attorneys' fees and costs is then subtracted from the excess/offset to arrive at a reduced amount to be offset against future benefits.

argue the remaining balance which is offset against future benefits should be reduced by the Department's share of attorneys' fees and costs.

Our review of a summary judgment order is de novo. *Simpson Tacoma Kraft Co. v. Department of Ecology*, 119 Wn.2d 640, 646, 835 P.2d 1030 (1992). We affirm a summary judgment if the parties have failed to present to the trial court evidence of a genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). The words of a statute "must be accorded their ordinary meaning", *State v. Halsen*, 111 Wn.2d 121, 123, 757 P.2d 531 (1988), and we resort to statutory construction only if the statute is ambiguous. *State v. McKelvey*, 54 Wn. App. 140, 142, 775 P.2d 461 (1989).

Here, the statute is unambiguous. "The costs and reasonable attorneys' fees [of the third party recovery] shall be paid proportionately by the injured worker or beneficiary and the department and/or self-insurer". Former RCW 51.24-.060(1)(a). The remaining balance/offset is the amount of money remaining, if any, after the attorneys' share for fees and costs, the claimant's 25 percent share, and the Department's reimbursement share have been subtracted from the gross third party recovery. Former RCW 51.24.060(1). The Department's share of the recovery is limited "to the extent necessary to reimburse the department and/or self-insurer for compensation and benefits paid". Former RCW 51.24-.060(1)(c). "[T]he basis for the apportionment is 'to the extent of the benefits paid or payable', indicating that the figure to be used in determining the ratio is the [Department's] reimbursement lien." *Longview Fibre Co. v. Department of Labor & Indus.*, 58 Wn. App. 751, 755, 795 P.2d 699 (1989), *review denied*, 114 Wn.2d 1030 (1990); RCW 51.24.060(1)(c)(i). The *Longview Fibre* court held that the Department's proportionate share of the net recovery is determined by dividing the benefits paid (reimbursement lien) by the gross recovery. *Longview Fibre*, at 754. The Department's responsibility for attorneys' fees and costs is also limited to the extent of the benefits paid or payable. Former RCW 51.24.060(1)(c)(i). The

court in *Longview Fibre* set out the method of calculation as follows:

|  |  |  |
|---|---|---|
| | Gross Recovery | |
| (1)(a) | Minus attorneys' fees | To attorney |
| | Net Recovery | |
| (1)(b) | Minus claimant's 25 percent | To claimant |
| | Subtotal | |
| (1)(c) | Minus Department's share[2] (benefits paid/recovery) | To Department |
| (1)(d) | If any remaining balance | To claimant |
| (1)(e) | Remainder = Offset | Offset against future benefits |

*See Longview Fibre*, at 756; RCW 51.24.060(1).

Here, the Department's calculations were as follows:

| | Gongora[3] | Jenkins | Davis |
|---|---|---|---|
| Benefits paid | $93,162.76 | $0.0 | $15,519.93 |
| Department's share | (93,162.76/175,000) =53.24% | 0.0 | (15,519.93/8,000) =100% |
| RCW 51.24.060(1): | | | |
| Recovery | 175,000.00 | 42,639.00 | 8,786.46 |
| (1)(a) Fees & Costs | 60,343.83 | 18,017.98 | 3,236.74 |
| Net | $114,656.17 | $24,621.02 | $5,549.66 |
| (1)(b) Minus claimant's 25 percent | 28,664.04 | 6,155.26 | 1,387.42 |
| Subtotal | $85,992.13 | $18,456.76 | $4,162.24 |
| (1)(c) Minus Department's share (percent)(net) | $61,035.70 | $0.0 | $4,162.24 |
| (1)(d) Remaining balance | $24,965.43 | $18,456.76 | $0.0 |
| (1)(e) Offset | $24,956.43 | $18,456.76[4] | $0.0 |

The appellants urge this court to approve a new formula, which would add a step reducing the offset under subsection (1)(e) by the amount of the Department's responsibility for

---

[2] The Department's share is limited to a proportion based on the reimbursement lien ratio. This accounts for the Department's responsibility for its proportionate share of attorneys' fees and costs.

[3] Gongora and Jenkins have stipulated to the distribution; the only issue is the amount to be offset against future benefits.

[4] Reduced by the Board of Industrial Insurance Appeals to $10,712.03.

fees and costs, but not the remaining balance under subsection (1)(d). They contend that former RCW 51.24.060(1)(c)(i)'s reference to benefits, paid or payable refers to future benefits and since the offset is against future benefits they are entitled to a deduction of the amount to be offset by an amount representing the Department's contribution of attorneys' fees. This formulation is contrary to the version of RCW 51.24-.060(1) in effect at the time of judgment.[5] First, there is no provision in the statute for any additional calculation to decrease the amount of the remaining balance subject to offset. The statute is not ambiguous and it must be assumed that the Legislature said what it intended to say. Former RCW 51.24.060(1)(e).

In addition, the ordinary meaning of benefits payable is "requiring to be paid : . . . DUE". *Webster's Third New International Dictionary* 1659 (1986). To be considered in applying the statute the figures must be available. *Longview Fibre*, at 755. Whether future benefits will become due and offset in the future is speculative; the claimant may or may not have additional claims for benefits. When a trial court does not know what, if any, benefits may be paid in the future, it cannot consider the remaining balance as benefits payable in calculating the Department's responsibility for attorneys' fees and costs.[6] Additionally, the legislative history indicates that the Legislature intended a 1-time calculation of proportionate share of attorneys' fees and costs, at the outset, and that the Department's proportionate share would not be raised regardless of the possible payment of future benefits. *Senate Bill Report*, SB 3127, 48th Legisla-

---

[5]We note that under the current statute, effective July 25, 1993, the offset amount will be reduced by a proportionate amount reflecting the Department's responsibility for reasonable attorneys' fees and costs. Laws of 1993, ch. 496, § 2, p. 2236. However, as that version of the statute was not in effect at the time of this judgment, it has no effect.

[6]We note where it is apparent that attendant care will be required, upon competent evidence of those costs, they may be used in calculating benefits paid or payable and considered in determining the Department's proportionate share of attorneys' fees and costs. *Ravsten v. Department of Labor & Indus.*, 108 Wn.2d 143, 155, 736 P.2d 265 (1987).

ture (1983). Thus, under the statute, there was no requirement to reduce the remaining balance subject to offset by some further amount.

In Jenkins, the Department claims the trial court erred in reducing the portion of the remaining balance which is subject to offset against future benefits. We agree and reverse. The result is fair; since the Department paid no benefits under RCW 51.24.060 it was not entitled to a distribution share or obligated for attorneys' fees and costs. Jenkins may never need benefits; if so, he keeps the entire remainder.

Davis claims the Department improperly calculated his share of the recovery. He argues the Department did not pay its proportionate share of attorneys' fees and costs; if it had, his share of the recovery would have been larger.

Here, the Department paid all of the attorneys' fees and costs. The Department followed the mandate of RCW 51.24-.060 as set out in *Longview Fibre*. *Longview Fibre*, at 756. It paid 100 percent of the attorneys' fees and costs ($3,236.74), Davis then received 25 percent of the net recovery ($1,387.42), and the Department's share under *Longview Fibre* was 100 percent of the remainder. Its reimbursement share subsumed the total of $4,163.24. There was no remaining balance. This result is fair since the Department paid $15,519.93 in benefits and received $4,162.34.

The Gongora and Davis judgments are affirmed, Jenkins is reversed and remanded to correct the judgment in accordance with this opinion.

PEKELIS, A.C.J., and COLEMAN, J., concur.

Review denied at 123 Wn.2d 1016 (1994).