[No. 18315-3-II.   Division Two.   September 6, 1996.]

THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*, v. MASTON MULLINS, JR., *Appellant*.

*Richard E. Weiss* and *Small, Snell, Weiss & Comfort, P.S.*, for appellant.

*Christine O. Gregoire, Attorney General*, and *Diane H. Cornell, Assistant*, for respondent.

SEINFELD, C.J. — Maston Mullins, a recipient of workers' compensation benefits, challenges the Department of Labor and Industries' (L&I) distribution formula regarding a third party settlement. We conclude that L&I's formula for distributing the settlement proceeds was correct except for its failure to deduct L&I's proportionate share of attorneys' fees from the remaining balance. Thus, we affirm in part and reverse in part.

## FACTS

Mullins sustained an on-the-job injury that left him

permanently and totally disabled. He then brought a third party cause of action and obtained a $165,000 settlement. After deducting attorneys' fees and costs of $61,575.88, his net recovery equaled $103,424.12. Pursuant to former RCW 51.24.060 (LAWS OF 1987, ch. 442, § 1118), Mullins was entitled to retain $25,856.03, 25 percent of the net recovery. This left a $77,568.09 balance against which L&I could assert a claim for reimbursement.

As of the date of settlement, L&I had paid Mullins $94,581.65 in industrial insurance benefits and, thus, had lien rights against the third party recovery for that amount, minus its proportionate share of attorneys' fees, $35,295.29.[1] This left L&I with a net lien of $59,286.36, which L&I subtracted from the $77,568.09 balance, leaving what we will refer to as a "remaining balance" of $18,281.73. This amount would go to the worker if L&I paid no further benefits. Mullins, however, continued to be eligible for benefits after the date of settlement. But L&I said it would pay no further benefits until the total value of accrued benefits equaled the amount of the remaining balance.

Mullins appealed L&I's decision to the Board of Industrial Insurance Appeals (BIIA). The BIIA agreed with Mullins and allowed him to retain the entire remaining balance, depriving L&I of any offset.

L&I appealed the BIIA decision to superior court. The superior court approved L&I's calculation and granted its motion for summary judgment. Mullins now appeals to this court, claiming that the superior court erred in concluding that former RCW 51.24.060(1)(c) makes the entire remaining balance subject to offset.

---

[1] L&I's share of attorneys' fees and costs is calculated by multiplying the total attorneys' fees and costs by the ratio of benefits paid to the date of settlement compared to the gross recovery. *Longview Fibre Co. v. Department of Labor & Indus.*, 58 Wn. App. 751-55, 795 P.2d 699 (1989), *review denied*, 114 Wn.2d 1030 (1990). Thus, we multiply the total attorneys' fees and costs ($61,575.88) by 57.32 percent (the ratio of benefits paid ($94,581.65) to the gross recovery ($165,000)). The product is $35,295.29, L&I's share of attorneys' fees.

## I

The Industrial Insurance Act gives L&I a right to the proceeds of a third party recovery "to the extent necessary to reimburse" it for benefits paid, minus L&I's proportionate share of attorneys' fees and costs. Former RCW 51.24.060(1)(a), (c)(i). The statute provides for distribution of a third party recovery in the following order: (1) pay attorneys' fees and costs; (2) pay 25 percent of the balance to the injured worker; (3) reimburse L&I for benefits it has already paid, less its proportionate share of attorneys' fees and costs; and (4) pay any remaining balance to the injured worker. Former RCW 51.24.060(1)(a)-(d). Thereafter the injured worker may not receive any additional workers' compensation benefits "until the amount of any further compensation and benefits shall equal any such remaining balance." Former RCW 51.24.060(1)(e).

Applying this scheme here, the result is as follows:

| | |
|---|---|
| Third Party Recovery | $165,000.00 |
| Minus Attorneys' Fees and Costs | 61,575.88 |
| Net Recovery | 103,424.12 |
| Less Mullins's 25 percent share | 25,856.03 |
| Balance | 77,568.09 |
| Less L&I's net reimbursement lien | 59,286.36 |
| Remaining Balance | 18,281.73 |

The issue before us pertains to the distribution of the remaining balance. Mullins, in claiming the entire amount, argues that the law does not entitle L&I to an offset unless the remaining balance exceeds L&I's share of attorneys' fees and costs. He urges a formula that would factor L&I's share of attorneys' fees into the formula twice; first as a means of reducing L&I's gross reimbursement lien for benefits paid before settlement, and then again to reduce L&I's reimbursement lien for post-settlement benefits.

Although Mullins's approach would appear to compen-

sate him for L&I's proportionate share of attorneys' fees, the second deduction of attorneys' fees would result in L&I paying more than its proportionate share. L&I's calculations and methods are consistent with the methodology set forth in former RCW 51.24.060. *See Longview Fibre Co.*, 58 Wn. App. at 754-55 (to calculate remaining balance, first reduce L&I's gross lien by the amount of its proportionate share of attorneys' fees and costs; then subtract the net lien from the net recovery minus the worker's 25 percent share).

## II

■■ We disagree, however, with the trial court's conclusion that L&I should receive a setoff against 100 percent of the remaining balance. The Legislature intended that L&I pay its proportionate share of attorneys' fees and costs. Former RCW 51.24.060(1)(a). We see no reason that this should not also apply to the remaining balance.

Nor does *Davis v. Department of Labor & Indus.*, 71 Wn. App. 360, 858 P.2d 1117 (1993), *review denied*, 123 Wn.2d 1016 (1994), cited by L&I, require a different reading. Although the *Davis* court rejected claimants' argument that L&I must pay its proportionate share of costs and attorneys' fees related to its recoupment of both past and *future* benefits, as we discuss below, the reasoning of the *Davis* court is not applicable here. *Davis*, 71 Wn. App. at 363.[2]

A critical distinction between the facts in *Davis* and the facts here is that the claimants in *Davis* did not know whether they would be eligible for future benefits. *Davis*, 71 Wn. App. at 365. Because the *Davis* claimants had not established their right to any specific amount of future benefits, it was not possible to determine L&I's proportion-

---

[2]In a footnote, the *Davis* court noted that an amended version of the statute provided for a reduction in the offset equal to L&I's proportionate share of attorneys' fees and costs. The court declined to follow the amended statute, however, because it was not in effect at the time of Davis's judgment. *Davis*, 71 Wn. App. at 365.

ate share of costs and attorneys' fees attributable to those benefits. *Davis*, 71 Wn. App. at 365. If it paid no future benefits, L&I might have no further offset rights or related liability for costs and attorneys' fees. *Davis*, 71 Wn. App. at 365. On the other hand, if it paid some future benefits, it could be liable for some costs and attorneys' fees. Because of the inability to predict the future, the *Davis* court concluded that L&I was not liable for costs and attorneys' fees on the remaining balance. *Davis*, 71 Wn. App. at 365-66.

In this case, however, L&I declared Mullins permanently and totally disabled, entitling him to a lifetime pension. Thus, the amount subject to offset equals the entire remaining balance. Consequently, it is possible to calculate L&I's proportionate share of costs and attorneys' fees at the time of distribution and the reasoning in *Davis* is not applicable here.

The 1993 amendment to the statute supports our analysis.[3] Although we do not apply it retroactively, we consider it in ascertaining the Legislature's intent. *State v. Joswick*, 71 Wn. App. 311, 315, 858 P.2d 280 (1993). "The entire sequence of statutes enacted by the same legislative authority relating to a given subject must be considered in determining legislative purpose." *Joswick*, 71 Wn. App. at 315. This includes later amendments. *Joswick*, 71 Wn. App. at 316. The Legislature, in amending the statute in 1993, stated that its intent was to clarify previous law and reduce litigation. Senate Bill Report, EHB 1264, Mar. 25, 1993, at 2; House Bill Report, HB 1264 at 2-3.

The amended language of RCW 51.24.060(1)(e) reflects the Legislature's intent that L&I be liable for its proportionate share of attorneys' fees and costs with respect to the *entire* third-party settlement:

---

[3]In a motion to reconsider the decision in this case that we filed on March 29, 1996 and subsequently withdrew, both parties argued we should not apply the amendment to RCW 51.24.060(1)(e) retroactively. Further, the parties neither argued the amendment nor briefed it for the superior court. Under these circumstances, we do not address whether the amendment should have been applied retroactively.

(e) Thereafter no payment shall be made to or on behalf of a worker or beneficiary by the department and/or self-insurer for such injury until the amount of any further compensation and benefits shall equal any such remaining balance *minus the department's and/or self-insurer's proportionate share of the costs and reasonable attorneys' fees in regards to the remaining balance. This proportionate share shall be determined by dividing the gross recovery amount into the remaining balance amount and multiplying this percentage times the costs and reasonable attorneys' fees incurred by the worker or beneficiary. Thereafter, such benefits shall be paid by the department and/or self-insurer to or on behalf of the worker or beneficiary as though no recovery had been made from a third person.*

(Emphasis added.) The requirement that there be a deduction from the remaining balance for L&I's "proportionate share of the costs and reasonable attorneys' fees in regard to the remaining balance" clearly refers to an amount in addition to the attorneys' fees previously deducted to calculate L&I's net lien related to pre-settlement benefits.

To calculate L&I's share of attorneys' fees related to the remaining balance, we use the formula set forth above. That produces the figure of $6,822.61. Subtracting that from L&I's gross reimbursement lien for post-settlement benefits of $18,281.73, we arrive at a net lien of $11,459.12.

L&I's total share of attorneys' fees related to both pre-settlement benefits and post-settlement benefits then totals $42,117.90 ($6,822.61 plus $35,295.29). This increases L&I's percentage share of total attorneys' fees to 68.40 percent. Consequently, Mullins's share of attorneys' fees is reduced to 31.60 percent of the total, or $19,457.98.

To satisfy the statutory requirement that L&I's proportion of attorneys' fees be in proportion to its recovery, L&I's recovery must be limited to approximately 68.40 percent of the net recovery, or $70,745.48. Former RCW 51.24.060(1)(a). This means that Mullins's net recovery must equal approximately 31.60 percent of the net recovery, or $32,678.64. It does exactly that when we add

the $6,822.61 final balance ($18,281.73 remaining balance minus L&I's $11,459.12 net lien) to Mullins's original 25 percent award of $25,856.03.

This methodology also maintains the relationship between L&I's share of attorneys' fees and costs and its share of the net recovery. Both equal 68.40 percent. Likewise, Mullins's proportional contribution towards attorneys' fees and costs, 31.60 percent, will equal his proportional receipt of funds from the net recovery.

The distribution of the remaining balance, then, is as follows:

| | |
|---|---|
| Remaining Balance | $18,281.73 |
| Minus L&I's net reimbursement lien related to remaining balance | 11,459.12 |
| Final Balance owing to Mullins | 6,822.61 |

In summary, the superior court properly determined that L&I is not required to deduct its proportionate share of attorneys' fees and costs related to Mullins's pre-settlement benefits from the remaining balance before it determines the amount subject to set off. L&I, however, must also pay its proportionate share of attorneys' fees and costs related to post-settlement benefits in order to obtain reimbursement for those sums from Mullins's third party recovery. Thus, it may offset no more than $11,459.12 of the remaining balance before resuming benefit payments to Mullins.

We affirm in part, reverse in part, and remand the matter to the superior court for entry of an amended judgment consistent with this opinion.

MORGAN, J., and CONOLEY, J. Pro Tem., concur.